| | |
|---|---|
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>200 West 41st Street, 17th Floor<br>New York, NY 10036<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Tracy L. Klestadt | Hearing Date: February 25, 2019 at<br>11:00 a.m. |

*Co-counsel to Carbon Investment Partners, LLC*
*and Carbon Master Fund, L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LEE ALEXANDER BRESSLER, | Case No. 18-13098 (MG) |
| Debtor. | |

**MOTION OF CARBON INVESTMENT PARTNERS LLC AND CARBON MASTER FUND, L.P. FOR AN ORDER EXTENDING TIME TO OBJECT TO DISCHARGEABILITY OF DEBT OR DISCHARGE**

Creditors Carbon Investment Partners, LLC and Carbon Master Fund, L.P. (collectively, "Carbon"), as and for their motion to extend the time for Carbon to file (a) an objection to the dischargeability of Carbon's debt owed by debtor Lee Alexander Bresser ("Debtor") pursuant to 11 U.S.C. §523(a)(2) and Fed. R. Bankr. P. 4007, or (b) an objection to the Debtor's discharge pursuant to 11 U.S.C. §727 and Fed. R. Bankr. P. 4004 to, through and including May 15, 2019, respectfully represent as follows:

**BACKGROUND**

1. The Debtor filed his Chapter 7 petition on October 12, 2018 (the "Petition Date").

2. The Clerk of the Court initially scheduled the required meeting of creditors pursuant to section 341(a) of the Bankruptcy Code ("341 Meeting") for November 16, 2018.

1

3. However, the Debtor did not file his schedules of assets and liabilities or statement of financial affairs until November 13, 2018. Accordingly, the 341 Meeting was adjourned by the Debtor and the Chapter 7 Trustee to December 7, 2018.

4. The 341 Meeting was held on December 7, 2018.

5. Pursuant to the provisions of Fed. R. Bankr. P. 4007(c) and 4007(b)(1), the deadline for Carbon to file a complaint objecting to either the dischargeability of the Debtor's debt to Carbon, or the Debtor's discharge in its entirety, expires 60 days after the first date set for the meeting of creditors under section 341(a)(the "Deadline Date").

6. There is a dispute as to whether the Deadline Date is 60 days after November 16, 2018 (when the first meeting was initially set by the Clerk's Office) [January 15, 2019], or 60 days after December 7, 2018 (the date the meeting actually took place and the Debtor appeared under oath for examination) [February 5, 2019].

7. The majority of courts interpret the rule to mean that the deadline for filing objections occurs 60 days after the date the meeting of creditors is scheduled, regardless of whether the meeting actually takes place on that date. Kelly v. Gordon (In re Gordon), 988 F.2d 1000 (9th Cir.1993); DeLesk v. Rhodes (In re Rhodes), 61 B.R. 626, 629 (9th Cir.BAP1986); Datson v. Cote (In re Datson), 197 B.R. 1, 4 (D.Me.1996); Gatchell v. Kise (In re Kise), 84 B.R. 36, 37 (Bankr.E.D.Pa.1988); In re Manuel, 67 B.R. 825, 826 (Bankr.E.D.Mich.1986); In re Betinsky, 58 B.R. 814, 815 (Bankr.E.D.Pa.1986). These courts focus on the phrase, "first date set for the meeting of creditors," and conclude that the scheduling of the meeting is the pivotal event, rather than the meeting itself. E.g., Gordon, 988 F.2d at 1001 ("The rule makes the deadline 60 days after the 'first date set' for the meeting, not the date the hearing is actually held. '[H]eld pursuant to § 341' simply describes the type of meeting being scheduled.").

8. A minority of courts, however, read the rule to mean that the 60–day time period begins to run from the date a creditors' meeting is actually held. Peerless Insurance Co. v. Miller (In re Miller), 182 B.R. 507, 509–10 (Bankr. S.D. Ohio 1995); St. Pierre v. Little (In re Little), 161 B.R. 164, 168 (Bankr.E.D.La.1993); Fair City Enterprises, Inc. v. Keefe (In re Keefe), 48 B.R. 717 (Bankr.D.S.D.1985). These courts reason that it is logical for the deadline to occur after the creditors' meeting so creditors have time to file objections based on information obtained from the debtor's examination. Id.

9. The undersigned counsel for Carbon in December 2018 previously approached counsel for the Debtor for a six month extension of the Deadline Date. See E-mail dated December 20, 2018 attached hereto as Exhibit A. Counsel orally agreed an extension limited to an additional 60 days. On January 2, 2019, the undersigned counsel forwarded a draft stipulation to counsel for the Debtor reflecting the agreed extension. See Exhibit B. No response was received.

10. On February 4, 2019, the undersigned again approached counsel for the Debtor, who responded in an e-mail that the Deadline Date had passed. See Exhibit C.

**CAUSE EXISTS FOR THE REQUESTED RELIEF**

11. As the Court is aware, the Court on December 7, 2018 previously granted Carbon relief from the automatic stay [ECF No. 38] to continue prosecution of a pending American Arbitration Association proceeding against the Debtor. During the hearing on that motion, the issue of a potential objection to dischargeability or discharge was raised by Carbon (and by the Debtor).

12. In connection with the pending arbitration, discovery is ongoing and has not yet been completed.

13. The Debtor's deposition in the arbitration is now scheduled to take place on February 5, 2019.

14. In addition, pending before this Court is Carbon's *APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING CREDITORS CARBON INVESTMENT PARTNERS, LLC AND CARBON MASTER FUND, L.P. TO (1) EXAMINE DEBTOR LEE ALEXANDER BRESSLER, SHIRA BRESSLER, AND SCOTT BRESSLER AND (2) COMPEL THE PRODUCTION OF DOCUMENTS BY (i) DEBTOR LEE ALEXANDER BRESSLER, (ii) SHIRA BRESSLER, (iii) SCOTT BRESSLER, (iv) JPMORGAN CHASE BANK, N.A. (v) NORTHERN TRUST INVESTMENTS, INC., (vi) FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC., (vii) THE JANE C. BRESSLER 2010-A FAMILY TRUST, (viii) THE JANE C. BRESSLER 2010-B FAMILY TRUST, (ix) JANE C. BRESSLER 2014 REVOCABLE TRUST, AND (x) McDERMOTT WILL & EMERY* [ECF No. 41]. The Debtor filed an objection to this application [ECF No. 44]. The Court has scheduled a hearing on the pending application on February 12, 2019 at 2:00 pm.

15. Due to difficulties in scheduling the AAA arbitration deposition, as well as the delay caused by the objection to the Rule 2004 application, Carbon has been unable to complete discovery in the underlying matter. As a result, it has been unable to determine whether to file a complaint objecting to dischargeability or discharge prior to the statutorily imposed Deadline Date (whether it was January 15, 2019 or February 5, 2019).

16. Importantly, the Debtor will not incur any prejudice from the requested extension. This case remains in its initial stages. The Debtor has been participating in the AAA arbitration, which is scheduled to commence on March 18, 2019. The substantive issues that would be the subject of a nondischargeability complaint will be addressed during the AAA arbitration.

17. Moreover, the Debtor granted the Chapter 7 Trustee an extension of the time to object to his discharge identical in substance to the extension sought by Carbon [ECF No. 46]. The substantive issues concerning objection to discharge remain to be investigated pending the Court's determination of Carbon's Rule 2004 application.

18. Finally, the undersigned counsel for Carbon relied in good faith on the oral extension agreed to by counsel for the Debtor. If the Debtor was not going to agree to the extension, counsel would have filed the instant motion in late December 2018 or early January 2019.

19. Accordingly, Carbon requests this Court to extend the Deadline Date to May 15, 2019. The AAA Arbitration is now scheduled to take during the week of March 18, 2019. It is Carbon's understanding that a reasoned award will be issued within 30 day of the conclusion of the arbitration. Extending the Deadline Date to May 15, 2019 should be sufficient time for Carbon to determine whether to commence a dischargeability or discharge action.

## **CONCLUSION**

For all of the reasons set forth herein, Carbon respectfully requests that this Court grant an extension of the Deadline Date to May 15, 2019, and grant Carbon such other and further relief as may be just and appropriate.

Dated: New York, New York
     February 4, 2019          KLESTADT WINTERS JURELLER
                                       SOUTHARD & STEVENS, LLP

                                       By: */s/ Tracy L. Klestadt*
                                            Tracy L. Klestadt
                                       200 West 41 Street, 17th Floor
                                       New York, NY 10036
                                       (212) 972-3000

                                          -and-

BRAUNHAGEY & BORDEN LLP
J. Noah Hagey
7 Times Square, 27th Floor
New York, NY 10036
        -and-
Ronald J. Fisher (pro hac vice)
351 California Street, 10th Floor
San Francisco, CA 94104

Co-counsel to Carbon Investment Partners, LLC
 and Carbon Master Fund, L.P.