*Hearing Date: February 25, 2019*
*Time: 11:00 a.m.*

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEE ALEXANDER BRESSLER,<br><br>         Debtor. | Chapter 7<br><br>Case No. 18-13098 (MG) |

**DEBTOR'S RESPONSE IN OPPOSITION TO MOTION FOR ORDER EXTENDING TIME TO OBJECT TO DISCHARGEABILITY OF DEBT OR DISCHARGE**

    Lee Alexander Bressler (the "**Debtor**"), by his counsel, Rosen & Associates, P.C., as and for his response in opposition to the motion (the "**Motion**") of Carbon Investment Partners, LLC and Carbon Master Fund, L.P. (collectively, the "**Movants**") for an order extending the time to file (a) an objection to the dischargeability of their debt pursuant to 11 U.S.C. §523(a)(2) and Federal Rule of Bankruptcy Procedure (hereafter, the "**Bankruptcy Rules**" or the "**Rules**") 4007, or (b) an objection to the Debtor's discharge pursuant to 11 U.S.C. §727 and Bankruptcy Rule 4004, respectfully represents as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

    1.  On October 12, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New

8

York (the "**Bankruptcy Court**"). In the accompanying creditor matrix, the Debtor listed the address of each of the Movants. *See* Voluntary Petition [Doc. No. 1].

2.  Gregory M. Messer, Esq. (the "**Trustee**") was appointed interim trustee pursuant to section 701(a)(1) of the Bankruptcy Code and is now serving as the trustee in the case pursuant to section 702(d) of the Bankruptcy Code. The firm of LaMonica Herbst & Maniscalco LLP is serving as counsel to the Trustee.

3.  On October 17, 2018, each of the Movants, as well as all other creditors included on the creditor matrix, were served by the Court with a *Notice of Chapter 7 Bankruptcy Case* [Doc. No. 6] (the "**Creditor Notice**"), which scheduled the meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") for November 16, 2018, and established January 15, 2019 (the "**Deadline**"), as the deadline to object to discharge or to challenge dischargeability of a debt. *See* Certificate of Notice [Doc. No. 6] (certifying service upon the Movants via first-class mail at 316 N.W. 61st St., Oklahoma City, OK 73118-7418).

4.  The Debtor scheduled both Movants on *Schedule E/F: Creditors Who Have Unsecured Claims* [Doc. No. 18] as creditors holding jointly an unsecured nonpriority disputed claim of twelve million dollars ($12,000,000) (the "**Claim**"). The Claim represents approximately ninety-six percent (96%) of the Debtor's scheduled unsecured debt.

5.  On November 14, 2018, after the Debtor had filed his schedules, the 341 Meeting was adjourned from November 16, 2018 to December 7, 2018. *See* Notice of Adjournment of Section 341 Meeting [Doc. No. 26]. The Debtor's counsel requested the Trustee's consent to the adjournment of the 341 Meeting because it conflicted with a previously scheduled hearing in this Court.

2

6. The Trustee convened the 341 Meeting on December 7, 2018, which the Movants' bankruptcy counsel attended and actively participated in, by questioning the Debtor regarding certain of his financial affairs, some of which questions related to the pending arbitration proceeding the Movants had commenced prior to the Petition Date and which the Movants had obtained stay relief to prosecute.

7. Pursuant to Bankruptcy Rules 4004 and 4007(c), the deadline to object to nondischargeability of a debt and denial of a debtor's discharge is sixty (60) days after the initially scheduled 341 Meeting. Accordingly, the Creditor Notice correctly informed creditors of the January 15th Deadline.

8. Notwithstanding receipt of the Creditor Notice and their actual knowledge of the Deadline, on February 4, 2019, nearly twenty (20) days after the Deadline, the Movants filed the Motion.

9. However, as set forth more fully herein, the Motion must be denied as untimely.

**ARGUMENT**

10. One of the fundamental protections provided by the Bankruptcy Code is the ability of a chapter 7 debtor to obtain a "fresh start," unhampered by the travails of pre-existing debt which drove them to seek relief. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244 (1934).

11. Courts have held that Bankruptcy Rules imposing mandatory deadlines, "display a clear mandate for prompt disposition of these controversies," and "are to be interpreted strictly and in a manner consistent with the [congressional intent] to promote the expeditious and efficient administration of the bankruptcy process." *In re Snyder*, 102 B.R. 874, 875 (Bankr. S.D.

3

Fla. 1989), *In re Dombroff*, 192 B.R. 615, 621 (S.D.N.Y. 1996) (citing *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3d Cir. 1991), *In re Pratt*, 165 B.R. 759, 762 (Bankr. D.Conn. 1994).

12. Bankruptcy Rules 4004 and 4007(c) provide that in a chapter 7 proceeding, a complaint to determine the dischargeability of a debt or to object to the debtor's discharge under sections 523(c) and 727(a) of the Bankruptcy Code:

> "***shall*** be filed no later than 60 days after the first date ***set*** for the meeting of creditors under § 341(a).... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion ***shall*** be filed ***before*** the time has expired" (emphasis added).

13. Moreover, although Rule 9006(b) generally contemplates an extension of time, "where the failure to act was the result of excusable neglect," Rule 9006(b)(3) explicitly excepts Rules 4004 and 4007 from the "excusable neglect" standard, constraining time enlargement, "only to the extent and under the conditions stated in those rules." Fed. R. Bankr. Proc. 9006(b)(3), *see also In re Lopresti,* 397 B.R. 62, 66 (Bankr. N.D. Ill. 2008) (excusable neglect does not apply to Rules 4004 and 4007). This Court has recognized this as clear congressional intent, "to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim." *In re Figueroa,* 33 B.R. 298, 300 (Bankr. S.D.N.Y. 1983).

14. Although the Movants claim that there is a "dispute" as to when the 60-day deadline begins to run, the language of Rules 4004(c) and 4007 is clear, and has been consistently interpreted by the courts: "[T]he 60-day period runs from the first date set for the meeting of creditors, regardless of when the meeting actually takes place." *See In re Dunlap,* 217 F.3d 311 (5th Cir. 2000), *In re Dipalma*, 94 B.R. 546, 548 (Bankr. N.D.Ill. 1988) ("It is the first date set for

4

the [creditors'] meeting that is determinative; whether or not the meeting is held or completed on that date is irrelevant.").

15. In fact, Rules 4004 and 4007 were specifically amended in 1999 to re-emphasize this interpretation: "[B]y deleting the word **held** … [t]he drafters presumably opted for the absolute certainty of such a fixed date rather than a date which might change one or more times depending upon the ultimate scheduling of the creditors' meeting." 9 Collier On Bankruptcy ¶ 4007.04[1][a] (15th ed. 2008) (noting the pre-amendment language: "not later than 60 days following the first date set for the meeting of creditors **held** pursuant to § 341(a)") (emphasis added).

16. Here, the Movants cite three cases, in support of the purported "minority view" that the start of the 60-day period begins from the date the creditors' meeting is held. However, their reliance on this authority is misplaced, as all three cases pre-date the 1999 amendments. *See* Mot. for Order Extending Time to Obj. ¶ 8 (citing *In re Miller*, 182 B.R. 507, 509–10 (Bankr. S.D. Ohio 1995), *In re Little*, 161 B.R. 164, 168 (Bankr. E.D.La. 1993), *and In re Keefe*, 48 B.R. 717 (Bankr. D.S.D. 1985)).

17. Indeed, in case any ambiguity lingered, the 1999 Advisory Committee Note makes clear that the amendments were made to clarify that the deadline, "is not affected by any delay in the commencement or conclusion of the meeting of creditors." *See* 1999 Advisory Committee Note to Rule 4004 & 4007(c); *see also* The Time Limitation for Objecting to the Dischargeability of Debts: A Trap for the Unwary, 26 Cal. Bankr. J. 55, 60–61 (2001) ("[T]he 1999 Amendment removes any ambiguity in deciding when the sixty day time period begins to run, thereby putting an end to any litigation on this issue."). As such, contrary to the Movants' position, any "dispute" that may have existed, is no more.

18. Further, while the Movants attempt to demonstrate cause to support the Motion, such cause, while relevant to a motion for similar relief made prior to the Deadline, is irrelevant here, where the Motion was made after the Deadline. Courts have routinely held that, "[t]he dictates of the Code and Rules are clear," and that there is "almost universal agreement" that Bankruptcy Courts have no discretion to grant untimely requests to extend Rule 4004 or Rule 4007 deadlines. *See Byrd v. Alton (In re Alton),* 837 F.2d 457, 459 (11th Cir. 1988) (provisions of the rules are mandatory and do not allow the court any discretion to grant a late filed motion to extend), *In re Prego Cruz,* 323 B.R. 827, 831 (B.A.P. 1st Cir. 2005) (bankruptcy court is precluded from granting late-filed motions under 4004 and 4007). In fact, this Court has held that, "[t]here is [even] no basis for the Court to use its equity power to extend the time to file." *In re Higgins*, 270 B.R. 147, 159 (Bankr. S.D.N.Y. 2001), *see also In re Cover*, 97 B.R. 375 (Bankr. S.D. Ohio 1989) (Rule 4007(c) deadline is "set in stone").

19. Courts have reasoned that, to hold otherwise would not only be contrary to the clear language of the Rules, but inconsistent with the pervasive interest in finality and the efficient administration of the estate. *See In re Meyer*, 120 F.3d 66, 68–69 (7th Cir. 1997) (purpose of Rule 4007(c) is to encourage creditors "to file their complaints speedily or lose them forever"), *Grossie v. Sam*, 894 F.2d 778, 781 (5th Cir. 1990) (primary purpose of Rule 4007(c) is to administer the estate in an efficient and expeditious manner), *In re Miller*, 228 B.R. 399, 401 (B.A.P. 6th Cir. 1999) (plain language of Rule 4007(c) supports the policy of making creditors act quickly).

20. Although the Movants claim that they have been "unable to determine whether to file a complaint …. due to difficulties in scheduling the AAA arbitration deposition, as well as the delay caused by the objection to the Rule 2004 application," a post-Deadline extension

6

is not an available remedy. Courts have held that, "the rule itself provides the appropriate remedy for this problem—the right to [timely] move for an extension of time." *In re Gordon,* 988 F.2d at 1001 (9th Cir. 1993), *In re Datson,* 197 B.R. 1, 3–4 (D. Me. 1996).

21. The Movants attempt to give life to their untimely Motion, by arguing that they relied on the agreement of the Debtor's counsel to consent to an extension and that but for such agreement, they would have timely moved for the extension they now seek. *See* Mot. for Order Extending Time to Obj. ¶ 18. However, while the Debtor's counsel agreed to stipulate to an extension prior to the Deadline, such counsel never agreed to so stipulate subsequent to the Deadline. Indeed, it was the Movants' burden to either obtain such stipulation and timely submit it to this Court to be "so-ordered" or timely move for the extension. Accordingly, pursuant to section 523(c) of the Bankruptcy Code, "the failure to act renders the obligation discharged." *In re Barley,* 130 B.R. 66, 69 (Bankr. N.D. Ind. 1991).

22. The very notion that the Debtor would agree to an extension subsequent to the Deadline is illogical, given that the Debtor has a "vital and singular interest in the discharge." *In re Neese,* 87 B.R. 609, 612 (B.A.P. 9th Cir. 1988). Nevertheless, the Movants' reliance is irrelevant. In *In re Santos*, United States Bankruptcy Appellate Panel of the Ninth Circuit held that reliance on a party's promise to extend a deadline for filing an objection to discharge was unreasonable as a matter of law, where only the court has the authority to extend the deadline. *In re Santos,* 112 B.R. 1001, 1008–09 (9th Cir. BAP 1990).

23. Here, despite admittedly being aware of the Deadline, the Movants failed to act in accordance with the statutory requirements in order to preserve their rights as creditors. Accordingly, the Movants' request for an extension must be denied.

WHEREFORE, the Debtor respectfully requests that the Motion be denied.

Dated: February 19, 2019
New York, New York

                                            **ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor*

By: /s/ Sanford P. Rosen
      Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

8