KLESTADT WINTERS JURELLER  
SOUTHARD & STEVENS, LLP  
200 West 41st Street, 17th Floor  
New York, NY 10036  
Telephone: (212) 972-3000  
Facsimile: (212) 972-2245  
Tracy L. Klestadt  

Hearing Date: June 5, 2019  
10:00 am  

*Co-counsel to Carbon Investment Partners, LLC  
and Carbon Master Fund, L.P.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re | Chapter 11 |
| LEE ALEXANDER BRESSLER, | Case No. 18-13098 (MG) |
| Debtor. | |

**MOTION OF CARBON INVESTMENT PARTNERS LLC AND  
CARBON MASTER FUND, L.P. FOR RECONSIDERATION OF  
THE COURT'S DISCHARGE EXTENSION ORDER DATED MAY 10, 2019,  
PURSUANT TO FED. R. CIV. P. 59 AND FED. R. BANKR. P. 9023**

Carbon Investment Partners LLC and Carbon Master Fund, L.P. (collectively, "Carbon") by their attorneys Klestadt Winters Jureller Southard & Stevens, LLP, respectfully submit this motion (the "Reconsideration Motion") for reconsideration of the *Memorandum Opinion and Order Denying Motion to Extend Time to Object to Discharge* (the "Discharge Extension Order") [Docket No. 103] dated May 10, 2019, pursuant to Federal Rule of Civil Procedure 59 ("Rule 59"), made applicable hereto by Federal Rule of Bankruptcy Procedure 9023 (the "Bankruptcy Rules"), and respectfully represent and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Rule 59 of the Federal Rules of Civil Procedure and Rule 9023 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**A. General Case Background**

4.      Prior to the Petition Date (defined below), Carbon and the Debtor were parties to an arbitration entitled *Carbon Investment Partners, LLC, et al. v. Bressler*, AAA Case No. 01-18-0001-340, venued before the American Arbitration Association and Arbitrator Joseph Hampton in Oklahoma City, Oklahoma (the "AAA Arbitration").

5.      On April 30, 2019, a Final Award was entered in the AAA Arbitration ("Arbitration Award").  As such, Carbon has requisite standing to bring this action as a creditor of the Debtor. The arbitrator found that Defendant committed serious acts of fraud and breached fiduciary duties owed to Carbon and its investors.

6.      The Debtor filed his Chapter 7 bankruptcy petition on October 12, 2018 (the "Petition Date").

7.      The Debtor filed his Schedules of Assets and Liabilities ("SOAL") and Statement of Financial Affairs ("SOFA") on November 13, 2018 [ECF Docket Nos. 16, 17, 18, 19 and 20].

8. After an adjournment requested by the Debtor and Trustee due to the delayed filing of the SOAL and SOFA, the first meeting of creditors pursuant to section 341(a) of the United States Bankruptcy Code ("Section 341 Meeting") was held on December 7, 2018.

9. The initial deadline for creditors to file an objection to dischargeability pursuant to 11 U.S.C. §523 or an objection to the Debtor's discharge pursuant to 11 U.S.C. §727 was set as January 15, 2019 (the "Objection Deadline").

10. On January 2, 2019, this Court entered a Stipulation and Order, (I) Extending Time Through March 15, 2019 to File a Motion Pursuant to 11 U.S.C. Section 707(b) and Object to Discharge Under 11. U.S.C. Section 727(c), between the Debtor and the Chapter 7 Trustee [ECF Docket no. 46].

11. On March 6, 2019, this Court entered a Stipulation and Order Extending Time Through May 15, 2019 to File a Motion Pursuant to 11 U.S.C. Section 707(b) and Object to Discharge Under 11. U.S.C. Section 727(c), between the Debtor and the Chapter 7 Trustee [ECF Docket no. 78].

12. On February 4, 2019, Plaintiffs filed a Motion to Extend Time to Object to Discharge and Dischargeability [ECF Docket no. 54] (the "First Extension Motion"). The Debtor filed an objection to the Extension Motion on February 19, 2019 [ECF Docket no. 62], and Carbon filed a reply in support on February 21, 2019 [ECF Docket no. 65]. A hearing was held before the Court on February 25, 2019.

13. On May 10, 2019, this Court entered the Discharge Extension Order denying, without prejudice, the relief sought in the First Extension Motion.

3

14. On the same date, Gregory Messer, Chapter 7 Trustee of the Debtor's estate (the "Trustee") filed his Complaint Objecting to the Discharge of the Debtor [Adv. Pro. No. 19-01132] (the "Trustee's Discharge Objection").

**B. The Discharge Extension Order**

15. On May 10, 2019, the Court entered the Discharge Extension Order. In connection with Carbon's argument that the deadlines as established by Rule 4004 and 4007 can be equitably tolled due to the Debtor's conduct and alleged misconduct, the Discharge Extension Order held that:

> In *Higgins v. Erickson (In re Higgins)*, 270 B.R. 147 (Bankr. S.D.N.Y. 2001), another judge of this court declined to equitably toll the deadline for filing nondischargeability complaints where the motion to extend time was filed after the 60-day deadline. The court explained:
>
> The rationale behind the doctrine of equitable tolling is that statute of limitations should not start running until the plaintiff is aware she may have a cause of action. See *Cerbone v. International Ladies' Garment Workers' Union*, 768 F. 2d 45, 48 (2d. Cir. 1985). Federal courts have exercised this doctrine where the movant had been misled or where evidence had not been fraudulently concealed but have not been so generous where one does not act diligently in protecting his legal rights. See *State of New York v. Hendrickson Bros., Inc.*, 840 F. 2d 1065, 1083 (2d Cir. 1988) (tolled statute of limitations where plaintiff acted diligently and failed to discover existence of claim as a result of defendant's intentional fraudulent concealment); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").... [A] movant must show that he has not "slept on his rights" before the court will use its equity power to toll the limitations period. *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946).

*Discharge Extension Order* pgs. 17-18.

16. Carbon respectfully submits that the Court did not consider applicable case precedent decisions from the Supreme Court of the United States on the issue of equitable tolling, which Carbon believes would have led the Court to a different conclusion from the one it reached. Accordingly, Carbon respectfully requests that this Court reconsider its above finding denying

4

Carbon's request to extend the deadlines as established by Fed. R. Bankr. P. 4004 and 4007, and instead grant the First Extension Motion to a date 2 weeks after its reconsideration.

## RELIEF REQUESTED

17.     By this Reconsideration Motion, Carbon seeks (i) reconsideration of the Discharge Extension Order to remedy a clear error of law and fact and to prevent manifest injustice, and (ii) upon reconsideration entry of an order extending the Objection Deadline.

## BASIS FOR RELIEF REQUESTED

18.     The instant Reconsideration Motion is governed by Rule 59. *See In re Parikh*, 397 B.R. 518, 523 (Bankr. E.D.N.Y. 2008) ("A motion for reconsideration, which is treated as a motion to alter or amend a judgment, is governed by [Federal Rules of Civil Procedure ("FRCP")] 59(e)").[1] Bankruptcy Rule 9023 applies Rule 59 to this action. *See* FED. R. BANKR. P. 9023. "The determination of whether a motion for reconsideration should be granted is within the sound discretion of the court." *See In re Flatbush Square, Inc.*, 508 B.R. 563, 568 (Bankr. E.D.N.Y. 2014).

19.     While Rule 59(e) does not provide specific grounds for amending or reconsidering an order, the Second Circuit has held that reconsideration of an order is proper "to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citation omitted).

20.     Intervention to correct a clear error is proper "when a court overlooks controlling decisions or factual matters that were put before it on the underlying motion and which, if

---

[1] Pursuant to Bankruptcy Rule 7054(a), which applies Rule 54(a) to this action, the Discharge Extension Order is a "judgment" that may be reconsidered under Rule 59 because it is an "order from which an appeal lies." FED. R. BANKR. P. 7054(a).

5

examined, might reasonably have led to a different result." *Flatbush Square*, 508 B.R. at 569 (internal quotations and citation omitted).

21. In the First Extension Motion, Carbon failed to identify for the Court, and the Court did not consider, the decision of the Supreme Court in *Young v. U.S.* 535 U.S. 43 (2002), which supports the principle that limitations periods, including the dischargeability deadline, are subject to traditional principles of equitable tolling.

22. In *Young,* the debtors had filed, then dismissed, a Chapter 13 case, staying the lookback period for the discharge of tax debts pursuant to section 727(a)(8) of the Code, and preventing the Internal Revenue Service ("IRS") from collecting the unpaid taxes. Subsequently, the debtors filed a Chapter 7 case, which ostensibly had the effect of moving the lookback period forward so as to render certain tax claims dischargeable. The IRS objected to the use of this "loophole" by the Debtors, and the lower courts agreed. The Supreme Court affirmed, holding:

> The three-year lookback period is a limitations period subject to traditional principles of equitable tolling. Since nothing in the Bankruptcy Code precludes equitable tolling of the lookback period, we believe the courts below properly excluded from the three-year limitation the period during which the Youngs' Chapter 13 petition was pending.

Id. at 47. The Supreme Court thus held that limitations periods for dischargeability determinations are subject to equitable tolling.

23. Carbon respectfully submits that the Court's reliance on *Higgins v. Erickson (In re Higgins)*, 270 B.R. 147 (Bankr. S.D.N.Y. 2001) and *In re Santos* 112 B.R. 1001 (9th Cir. BAP 1990) is misplaced given the subsequently issued Supreme Court decision in *Young.* Moreover, a review of the *Higgins* decision does not reveal any allegation of attorney misconduct in connection with the issue of the extension itself. The creditor in Erickson took no action prior to the objection deadline. Carbon's counsel did, but was misled by the actions of the Debtor's counsel.

6

24.     Further, the *Santos* case takes the view that any equitable tolling of Fed. R. Civ. P. 4004 (a) and 4007(c) must be "applied in a manner consistent with the plain language of the rules and the purposes served by those rules and with a mind to the strict construction of the rules consistently followed in the Ninth Circuit." *In re Santos* at 1006. The court eventually concluded that equitable tolling could not apply because the doctrine is inconsistent with the language of the Bankruptcy Rules and the doctrine would impair those rules. *Id.* at 1009 This decision appears to be contradicted by holdings in *Young* which explain that equitable tolling may be permitted in situations where adversary misconduct contributes to a missed deadline.

25.     The Supreme Court in *Young* explained: "This Court has permitted equitable tolling in situations '…where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass' ", citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  See *Glus v. Brooklyn Eastern Terminal*, 359 U.S. 231 (1959) (extending limitations period on equitable grounds where party affirmatively induced delay through misrepresentation).

26.     Carbon's counsel admits that due to its error, it believed that the Objection Deadline was set to expire on February 5, 2019, three weeks after the actual deadline.  As noted in the First Extension Motion, when Carbon's counsel contacted Debtor's counsel inquiring into a six-month extension of the Objection Deadline, he mistakenly identified the Objection Deadline as February 5.  Though Mr. Rosen orally agreed to extend the Objection Deadline, he failed to sign the stipulation sent to him extending the same.

27.     Carbon respectfully asserts this was an intentional act by Mr. Rosen, who identified that Carbon's counsel had mistakenly believed the Objection Deadline was later than it actually was.  He knowingly took advantage of this mistake and affirmatively misled Carbon's counsel into

7

the belief that he would sign a stipulation extending the Objection Deadline and avoided the filing of an extension motion at that time.

28. Finally, the limiting language in the *Young* decision that equitable tolling should be allowed "unless tolling would be 'inconsistent with the text of the relevant statute'" (535 U.S. at 49) does not preclude the Court from granting the relief requested herein. Carbon has been a fully active participant in this case. This is not an instance by any means in which Carbon has "slept on its rights." *But for Mr. Rosen's intentional inducement of Carbon's counsel into a false belief that he had agreed to extend the Objection Deadline and would timely sign a stipulation to submit to the Court to that effect, Carbon clearly would have filed a motion to extend under Fed. R. Bankr. P. 4004 and 4007 prior to the Objection Deadline.* When Carbon's counsel followed up on the draft stipulation (sent to Mr. Rosen before the actual Objection Deadline) and discovered Mr. Rosen's duplicity, it immediately filed the First Extension Motion on a date before what it thought was the deadline. The integrity of the statute remains preserved even with equitable tolling under these facts. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 559 (1974) ("the mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose.").

29. As such, based on the above Supreme Court precedent not previously considered by the Court, Carbon respectfully asks this Court to reconsider its Discharge Extension Order denying its request to equitably toll the Objection Deadline due to the misconduct of Debtor's counsel.

**WHEREFORE**, for the reasons set forth above, Carbon respectfully requests that this Court enter an order, upon reconsideration of the Discharge Extension Order; (i) extending the Discharge Deadline; and (ii) granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      May 15, 2019

    KLESTADT WINTERS JURELLER
    SOUTHARD & STEVENS, LLP

    By: */s/ Tracy L. Klestadt*
        Tracy L. Klestadt
    200 West 41 Street, 17th Floor
    New York, NY 10036
    (212) 972-3000

    Co-counsel to Carbon Investment Partners, LLC
    and Carbon Master Fund, L.P.