**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:                                                                                                    **NOT FOR PUBLICATION**

          LEE ALEXANDER BRESSLER,                                      Chapter 7

                                                                              Case No. 18-13098 (MG)

                                Debtor.

------------------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
RECONSIDERATION OF DECISION DENYING MOTION TO EXTEND TIME
TO OBJECT TO DISCHARGE**

*A P P E A R A N C E S:*

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS LLP
*Attorneys for Carbon Investment Partners LLC*
*and Carbon Master Fund LP*
200 West 41st St, 17th Floor
New York, New York 10036-7203
By:    Tracy L. Klestadt, Esq.

ROSEN & ASSOCIATES PC
*Attorneys for Debtor*
747 Third Ave
New York, New York 10017-2803
By:    Sanford P. Rosen, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

        Pending before the Court is Carbon Investment Partners, LLC and Carbon Master Fund, L.P. (collectively, "Carbon") *Motion for Reconsideration of the Court's Discharge Extension Order Dated May 10, 2019, Pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023*. ("Reconsideration Motion," ECF Doc. # 109.) Counsel for the debtor, Lee Bressler ("Bressler"), filed an opposition to the Motion. ("Opposition, ECF Doc. # 124.) For the reasons explained below, the Reconsideration Motion is **DENIED.**

# I. BACKGROUND

**A. General**

Bressler filed a voluntary chapter 7 petition on October 12, 2018. ("Petition," ECF Doc. # 1.) Bressler is a former portfolio manager and Chief Investment Officer for Carbon. ("Arbitration Award," ECF Doc. # 102-1, at 2.) Before Bressler filed his chapter 7 petition, Carbon filed a civil suit against Bressler in the District Court of Oklahoma County, State of Oklahoma, in an action styled, *Carbon Investment Partners, LLC, et al. v. Lee A. Bressler*, Case No. CJ-2018-1211. (ECF Doc. # 69 ¶ 10.) The civil suit alleges that Bressler committed fraud and breach of fiduciary duty by making unauthorized trades, which resulted in losses to Carbon. (*Id.*) On March 30, 2018, Carbon filed an arbitration proceeding against Bressler, asserting claims for fraud and breach of fiduciary duty. On December 7, 2018, this Court ordered that the automatic stay be modified "to permit the AAA Arbitration to proceed until such time as a written award is rendered which decides its outcome . . . ." ("Order," ECF Doc. # 38.)

The hearing on the merits in the arbitration was conducted March 18 through March 22, 2019. (Arbitration Award, at 1.) The arbitrator issued a final award on April 30, 2019. (*Id.* at 24.) The final award sustains Carbon's claims, finding by clear and convincing evidence that Bressler breached his fiduciary duties to Carbon and committed actionable fraud in his dealings with Carbon. (*Id.* at 5.) The arbitrator held that those findings were supported by evidence that Bressler opened secret accounts to conceal unauthorized trades, secured by Carbon's funds, and that the unauthorized trades exceeded Carbon's total assets under management by up to 3,000%. (*Id.* at 12–16.) When the trades proved unsuccessful, not only did they wipe out the fund, but they resulted in a multi-million-dollar deficiency. (*Id.* at 16.)

The arbitrator's award describes Bressler's conduct as "willful [and] without remorse . . . ." (*Id.* at 6.) The arbitrator awarded Carbon approximately $16.8 million, including

approximately $12.7 million in compensatory damages and $2.5 million in punitive damages. (*Id*. at 5.) The arbitration award has not yet been confirmed by any court.

### B. Carbon's Prior Attempt to Extend the Deadline to Object to Discharge

On February 4, 2019, while the arbitration was pending, Carbon filed a motion seeking an extension of time to object to discharge of debt under section 523(c) of the Bankruptcy Code or to discharge under section 727 of the Bankruptcy Code. ("Motion to Extend," ECF Doc. # 54.) The Motion to Extend sought an extension of the time to object to discharge until May 15, 2019. (*Id*. at 1.) The problem with the Motion to Extend was that the time for Carbon to object to discharge or extend the deadline to object to discharge had already expired. Under the Bankruptcy Code and Rules, a creditor has 60 days from the *first date set* for the 341 meeting of creditors to file a non-dischargeability complaint. *See* FED. R. BANKR. P. 4004(a), 4007(c). The initial date scheduled for the meeting of creditors in Bressler's case was November 16, 2018. (Motion to Extend ¶ 2; "Notice," ECF Doc. # 4 ¶ 7.) Therefore, the deadline to object was January 15, 2019, as clearly stated in a Notice of Chapter 7 Bankruptcy Case mailed to Carbon. (Notice ¶ 9; "Certificate of Mailing," ECF Doc. # 6, at 3.)

Creditors may seek to extend the time to object beyond the 60-day deadline; however, under Bankruptcy Rules 4004 and 4007, the request must be made to the court before the expiration of the 60-day window. *See* FED. R. BANKR. P. 4004(b)(1) ("On motion of any party in interest . . . the court may for cause extend the time to object to discharge . . . . [T]he *motion shall be filed before the time has expired*." (emphasis added)); FED. R. BANKR. P. 4007(c) ("[A] complaint shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) . . . . [T]he court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired*." (emphasis added)). Carbon's request to extend the deadline was filed *after* the deadline.

3

Bressler objected to Carbon's request as untimely. ("Bressler Objection," ECF Doc. # 62.) In response, Carbon argued that the deadline to file a non-dischargeability complaint expires 60 days after the 341 meeting takes place, rather than the date it was first scheduled. ("Carbon Reply," ECF Doc. # 65 ¶¶ 5–10.) Bressler's 341 meeting was adjourned so that it did not take place on November 16, 2018 as initially scheduled. (Motion to Extend ¶¶ 2–3.) The 341 meeting was thereafter held on December 7, 2018, meaning that if Carbon's interpretation was correct, its request for an extension was timely. (*Id.* ¶ 4.) Carbon also argued that Bressler's counsel orally agreed to stipulate to extend Carbon's deadline to object to discharge and that the agreement was binding. (Carbon Reply ¶¶ 11–19.) Carbon also argued it was entitled to an extension on equitable grounds. Carbon contended that Bressler was equitably estopped from arguing the deadline expired and that the Court should equitably toll the deadline, due to misconduct by Bressler and his counsel. (*Id.* ¶¶ 20–39.)

**C. The Court's Memorandum Opinion Denying Carbon's Request for an Extension**

A hearing on Carbon's Motion to Extend was held February 25, 2019. (*See* "Transcript," ECF Doc. # 72.) The Court issued its *Memorandum Opinion and Order Denying Motion to Extend Time to Object to Discharge* on May 10, 2019. ("Opinion," ECF Doc. # 103.) The Court held that the deadline to object to discharge runs from the first date scheduled for the 341 meeting, rather than from the date the meeting is held. Therefore, the Court concluded that Carbon's Motion to Extend was untimely. (Opinion at 8–11.) Additionally, the Court rejected Carbon's argument that the verbal agreement between counsel for Carbon and for Bressler to extend the deadline was binding and enforceable because only the Court can extend the deadline. (*Id.* at 11–12.) Lastly, the Court denied Carbon's request for equitable relief. The Court found equitable estoppel inapplicable because it was unreasonable for Carbon to rely on the verbal agreement to extend the deadline without court approval and that equitable tolling was

inappropriate when Carbon had notice of the deadline to object but failed to do so timely. (*Id*. at 12–19.)

Carbon now seeks reconsideration of the Opinion.

### D. Carbon's Motion for Reconsideration

The Reconsideration Motion states that "the Court did not consider applicable case precedent decisions from the Supreme Court of the United States on the issue of equitable tolling . . . ." (Reconsideration Motion ¶ 16.) Carbon cites the Supreme Court's decision in *Young v. United States*, 535 U.S. 43 (2002), which it says "supports the principle that limitations periods, including the dischargeability deadline, are subject to traditional principles of equitable tolling." (Reconsideration Motion ¶ 21.) In *Young*, the Supreme Court held that the Bankruptcy Code's "three-year lookback period" for dischargeability of tax liability pursuant to sections 523(a)(1)(A) and 507(a)(8)(A)(i) is tolled during the pendency of a prior bankruptcy petition. The decision closed a loophole that permitted debtors to file a chapter 13 case, wait until the tax liability was outside the three-year lookback period, then voluntarily dismiss the chapter 13 case and file a new chapter 7 case, in which the tax liability would be discharged. *Young*, 535 U.S. at 46. The Supreme Court held "[t]he three-year lookback period is a limitations period subject to traditional principles of equitable tolling. Since nothing in the Bankruptcy Code precludes equitable tolling of the lookback period," the lower courts properly excluded the time during which the debtor's prior chapter 13 case was pending from the three-year lookback period. *Id*. at 47.

Carbon also argues that the Court's Opinion wrongly relied upon *Higgins v. Erickson* (*In re Higgins*), 270 B.R. 147 (Bankr. S.D.N.Y. 2001) and *In re Santos*, 112 B.R. 1001 (9th Cir. BAP 1990) in denying Carbon's Motion to Extend. (Reconsideration Motion ¶ 23.) Carbon states that the Ninth Circuit BAP's decision in *In re Santos*, which held that equitable tolling does not apply, is contrary to the Supreme Court's holding in *Young*. (*Id*. ¶ 24.)

5

Carbon's counsel acknowledges its own error in believing that the objection deadline was February 5, 2019, rather than January 15, 2019. (*Id.* ¶ 26.) However, it asserts that Bressler's counsel was aware of its mistake at the time they verbally agreed to stipulate to extend the deadline, that Bressler's counsel thereafter intentionally did not sign the stipulation, knowing that Carbon's counsel may not discover its mistake in time, resulting in the deadline passing. (*Id.* ¶ 27.) Carbon describes the conduct as Bressler's counsel "affirmatively [misleading] Carbon's counsel into the belief that he would sign a stipulation extending the [o]bjection [d]eadline[,]" and "intentional inducement of Carbon's counsel into a false belief that he had agreed to extend the [o]bjection [d]eadline . . . ." (*Id.* ¶¶ 27–28.) Carbon argues that the conduct by Bressler's counsel warrants tolling the deadline and asks the Court to reconsider its Opinion. (*Id.* ¶ 29.) In response, Bressler's counsel denies intentionally misleading Carbon's counsel and alleges he "simply forgot" to sign the proposed stipulation. (Opposition ¶ 22.)

## II. <u>LEGAL STANDARD</u>

The standard applicable to a motion for reconsideration is identical to that of a motion to alter or amend a judgment under Federal Rule of Civil Procedure ("FRCP") 59(e). *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007); *accord Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 868–69 (Bankr. S.D.N.Y. 2014). Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates FRCP 59 and provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). The definition of judgment is contained within FRCP 54. It means "a decree and any order from which an appeal lies. A judgment [does] not include recitals of pleadings, a master's report, or a record of prior pleadings." FED. R. CIV. P. 54.

6

Rule 59(e) does not provide specific grounds for amending or reconsidering a judgment. However, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Flatbush Square Inc.*, 508 B.R. 563, 569 (Bankr. E.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Local Bankruptcy Rule 9023-1(a) provides that a motion for reconsideration "must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." BANKR. S.D.N.Y. R. 9023-1(a).

In addition to Bankruptcy Rule 9023, parties can seek relief from a judgment or order under Bankruptcy Rule 9024. Bankruptcy Rule 9024 makes FRCP 60 applicable in bankruptcy cases. "[A]ll orders of the bankruptcy court are subject to Rule 60 F.R.Civ.P." FED. R. BANKR. P. 9024 advisory committee note. FRCP 60 contains six grounds for which the court may grant relief from an order or judgment. Those grounds are: "(1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is no longer equitable; or (6) any other reason that justifies relief." *In re: Residential Capital, LLC*, 2015 WL 1636440, at *4 (Bankr. S.D.N.Y. Apr. 10, 2015) (internal quotations omitted) (citing FED. R. CIV. P. 60(b)).

The bankruptcy court has broad discretion to grant relief under subpart (6) "when appropriate to accomplish justice." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986)); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). The court may consider extraordinary circumstances or extreme and undue hardships as reasons to invoke it. *Marrero Pichardo v. Ashcroft*, 374 F.3d at

7

56. Like FRCP 59(e), change of controlling law, new evidence, and need to correct a clear error and manifest injustice are also grounds to order relief under FRCP 60(b)(6). *Id.* (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d at 1255). The party seeking relief under FRCP 60(b) bears the burden of proof. *See Int'l Bhd. of Teamsters*, 247 F.3d at 391. Relief must be sought within a reasonable time, no later than a year after the entry of judgment or order. *See* FED. R. CIV. P. 60(c)(2).

### III.  DISCUSSION

As an initial matter, the Reconsideration Motion is timely under both Bankruptcy Rule 9023 and 9024. The motion seeks reconsideration of the Opinion, which the Court entered May 10, 2019. The Reconsideration Motion was filed only five days later, on May 15, 2019. Five days is within Rule 9023's 14-day window and is certainly within a reasonable time period, as required by Rule 9024.

Carbon's request for relief argues that the Court did not consider the Supreme Court decision in *Young v. United States,* 535 U.S. 43. But *Young* simply concludes that bankruptcy courts *may* equitably toll limitations periods in bankruptcy, a proposition recognized in numerous cases cited by Carbon in its reply to Bressler's opposition to its Motion to Extend that hold that equitable tolling is an available remedy to toll deadlines for filing non-dischargeability complaints. (*See* Carbon Reply ¶¶ 28–33.) *Young* adds little to the Court's analysis because of the other cases previously considered by the Court. *Young* is not new controlling precedent that calls for relief under Rule 9023; it simply reiterates what other cases cited by Carbon already say. More importantly, the Opinion recognized that, under appropriate circumstances, the deadlines could be equitably tolled, making Carbon's argument based on *Young* unpersuasive. Therefore, there is no clear error or manifest injustice entitling Carbon to relief.

---

Moreover, Carbon mischaracterizes the Court's conclusions from the Opinion. The Reconsideration Motion appears to argue that the Court rejected the doctrine of equitable tolling. That is not the case. The Court specifically acknowledged that equitable tolling was an available remedy, but that the circumstances of the case did not warrant such a remedy. (*See* Opinion at 17 ("Although the Court does not applaud the alleged conduct of Bressler's counsel, the Court finds the circumstances here are not extraordinary enough to warrant tolling, when Carbon had the option to file a motion seeking to extend the deadline, but failed to do so in a timely fashion."); *id*. at 18 ("[W]hile the *Higgins* court acknowledges that equitable tolling could apply, it should not in these factual circumstances. Here, Carbon was aware of the deadline but failed to file a motion to extend its time to object. The applicable rules are clear. The deadline was not concealed by Bressler or his counsel.").)

In appropriate circumstances courts have discretion to toll the deadline to object to discharge. A valid reason for doing so would be if a debtor concealed the deadlines from a creditor or tried to promote inaction by the creditor. *See, e.g.*, *In re Albini*, 2004 WL 943908, at *1 (Bankr. D. Conn. Mar. 5, 2004). While the Court finds the conduct of Bressler's counsel troubling, if he in fact intentionally delayed signing and returning the stipulation, the January 15, 2008 deadline to object to discharge was clearly set forth in the notice from the Court.[1] What is

---

[1] Carbon's counsel obviously believes that Bressler's counsel knowingly sought to deceive him into inaction by agreeing to extend the time but not promptly returning the signed stipulation. Bressler's counsel denies any wrongdoing, stating in the Opposition: "The reason Mr. Rosen did not sign the proposed stipulation sent by Carbon was because he simply forgot; only subsequent to the Objection Deadline was Mr. Rosen informed that the deadline had indeed passed." Opposition ¶ 22. This statement is supported by Rosen's affirmation, which provides in relevant part: "5. I indeed agreed, before the actual deadline had passed, to execute a stipulation extending the deadline. At that time, I was unaware of the actual deadline. Although Carbon's counsel transmitted to me a proposed stipulation extending the deadline, I did not sign it upon receipt and simply forgot about it. 6. Subsequently, when Carbon's counsel communicated with me for the first time to remind me to sign the stipulation, I had an associate of my office determine the deadline and then learned that it had passed. I then informed Carbon's counsel that the deadline had passed and explained that I did not have the debtor's permission to agree to the extension at that time, and that the permission I had was to so stipulate and agree before the deadline had passed." Affirmation in Support of Debtor's Response to Motion for Reconsideration, ECF Doc. # 124 ¶¶ 5–6. The Court concludes it is unnecessary to resolve this factual dispute.

clear is that Bressler's counsel did not conceal the deadline to object to discharge, and there is no duty for him to inform Carbon's counsel of his mistake.

As stated in the Opinion, equitable tolling is an extraordinary remedy reserved for exceptional circumstances. (Opinion at 17.) Carbon is in its position because its counsel missed the deadline clearly stated in the notice on the docket. (Reconsideration Motion ¶ 26) ("Carbon's counsel admits that due to its error, it believed that the objection deadline was set to expire on February 5, 2019[.]")

All of this may be of very little consequence as Carbon's counsel has filed a motion that has not yet been heard by the Court to extend the deadline to object to the Bressler's discharge under Bankruptcy Rule 4004(b)(2). The Chapter 7 Trustee has also filed an adversary proceeding against Bressler seeking to deny a discharge under section 727. If that relief is granted, Bressler's debt to Carbon will not be discharged.

### IV.  CONCLUSION

For the reasons explained above, the Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Dated:    June 4, 2019
         New York, New York

                                              ___*Martin Glenn*_____
                                                  MARTIN GLENN
                                              United States Bankruptcy Judge