


200 WEST 41ST STREET
17TH FLOOR
NEW YORK, NY 10036-7203
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

TRACY L. KLESTADT
DIRECT: (212) 679-8700
EMAIL: TKLESTADT@KLESTADT.COM

September 4, 2019

<u>Via ECF and By Hand</u>

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:    Lee Alexander Bressler ("<u>Debtor</u>")
                Chapter 7
                <u>Case No. 18-13098 (MG)</u>

Your Honor:

      As the Court is aware, we are co-counsel with BraunHagey & Borden LLP ("<u>BHB</u>") to creditors Carbon Investment Partners, LLC and Carbon Master Fund, L.P. (together, "<u>Carbon</u>") in the above-captioned Chapter 7 case. We respectfully write in response to Debtor Lee A. Bressler's September 3, 2019 request for a conference [ECF Docket No. 160] regarding Debtor's right to enjoin production of his "highly confidential" deposition transcripts subject to a Protective Order issued in the parties' now concluded AAA arbitration styled *Carbon Investment Partners, LLC, et al. v. Bressler*, AAA Case No. 01-18-0001-340 (the "<u>AAA Arbitration</u>") (the "Protective Order," a copy of which is attached hereto as **Exhibit 1**). For the reasons set forth below, Carbon concurs that the Court should address the question of Debtor's right to enforce the Protective Order and the injunction against compelled production of Debtor's deposition transcripts at issue.

      As context, the AAA Arbitration resulted in a final reasoned award against Debtor that has since been confirmed as a judgment of the District Court of Oklahoma County, in Case No. CJ0-2018-2011 (the "<u>Oklahoma Judgment</u>"). *See* Proof of Claim dated 6/13/2019 filed by Carbon [Claim No. 1 in the Clerk's Claims Register] (appending Oklahoma Judgment).[1] The Protective Order at issue, which is subsumed as part of the Oklahoma Judgment, provides that "no party shall disclose Highly Confidential Information without the express prior approval of the Arbitrator." *Id.* at 14 ¶ 11(c). The Protective Order further provides that these obligations survive the close of the AAA arbitration and any appeal. *Id.* at 15 ¶ 11(e) ("Upon the final resolution of this arbitration (including conclusion of any appeal) this Order shall remain in effect and continue to be binding."). Last, the Protective Order holds that "improper disclosure

---

[1] BHB was counsel for Carbon in the AAA and Oklahoma proceedings, as well as in the FINRA arbitration against third party Jefferies referenced below.



200 WEST 41ST STREET
17TH FLOOR
NEW YORK, NY 10036-7203
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

or use of these documents or their contents" are punishable by the "imposition of sanctions." *Id.* at 15 ¶¶ 11(e-g).

At issue now is third party Jefferies, LLC's ("Jefferies") efforts to cause Carbon to produce Debtor's "Highly Confidential" deposition transcripts as part of a separate FINRA proceeding between Carbon and Jefferies (FINRA Arbitration No. 18-0980). Debtor has resisted such production, citing Carbon's obligations under the Protective Order.

Carbon also requested relief from the Protective Order from the AAA. **Exhibit 2**. But the AAA responded that the arbitrator's authority over the Protective Order "ended at the time the award was rendered," thus leaving Carbon with no clear path to resolve its competing obligations. *Id.*

On August 28, 2019, the FINRA arbitration panel clarified its order that Carbon must produce the deposition transcripts, notwithstanding the AAA Protective Order and Debtor's threats to seek relief against Carbon should it comply. *See* **Exhibit 3** (8-28-2019 Panel Order). Carbon promptly advised Debtor of the panel's order and requested his consent to the production. **Exhibit 4** (8-28-2019 email with Debtor's counsel). Debtor's counsel responded and refused to waive Debtor's rights under the Protective Order, and further demanded that Carbon not produce the subject transcripts. **Exhibit 5**. Based upon that objection, and the filing of Debtor's letter with this Court, Carbon has sought a stay from the FINRA panel.

Carbon is thus presented with mutually exclusive and contradictory orders from different tribunals. Carbon also is mindful of this Court's jurisdiction over the Oklahoma Judgment as a claim against Debtor's estate and the impact of violating the Protective Order in relation thereto. Relevant case law also forces Carbon to take the Debtor's threats of contempt seriously. In *U.S. ex rel. Holmes v. Northrop Grumman*, an attorney was held to have acted unethically for using documents produced in an arbitration that closed five years earlier in another proceeding. 2015 WL 3504525, at *9 (S.D. Miss. June 3, 2015), *aff'd*, 642 F. App'x 373 (5th Cir. 2016). The protective order in that case provided that the documents were to be "used or disclosed solely in the . . . arbitration." The *Holmes* court disqualified the attorney, holding that the attorney's use of the documents in a subsequent proceeding violated ABA Model Rule 3.4(c), which provides that "a lawyer shall not[ ] . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." *Id.*

Similarly, in *Hunter Eng'g Co. v. Hennessy Indus., Inc.*, the court sanctioned a party for violating a protective order by producing documents pursuant to an arbitral subpoena issued in a collateral arbitration. 2010 WL 1186454, at *1 (E.D. Mo. Mar. 29, 2010) 2010 WL 1186454, at *5 (E.D. Mo. Mar. 29, 2010). The *Hunter* court held that the party was not entitled to produce documents pursuant to the arbitration subpoena even after the original case had ended because — just as here — "by its own terms, the protective order was to survive the end of the lawsuit." *Id.*

In light of this authority, Carbon joins in the Debtor's request for a conference to determine whether Debtor's rights under the Protective Order entitle him to enjoin production of the deposition transcripts and, if so, to relieve Carbon of its obligation to produce them to Jefferies.



200 WEST 41ST STREET
17TH FLOOR
NEW YORK, NY 10036-7203
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

We appreciate Your Honor's consideration of this matter and are available at the Court's convenience to address any questions that Your Honor may have on the subject.

                Respectfully submitted,

                /s/ *Tracy L. Klestadt*

                Tracy L. Klestadt

Cc: <u>All Via E-mail</u>

J. Noah Hagey, Esq.
BraunHagey & Borden LLP
Co-Counsel for Carbon

Andrew Stern, Esq.
Sidley Austin LLP
Counsel for Jefferies, LLC

Kenneth Silverman, Esq.
Ronald Friedman, Esq.
Counsel for Debtor Lee A. Bressler

Gary Herbst, Esq.
David Blansky, Esq.
Counsel for Gregory Messer as Chapter 7 Trustee