

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

JMUENZ@SIDLEY.COM
+1 212 839 5901

September 5, 2019

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *Lee Alexander Bressler, Chapter 7, Case No. 18-13098*

Dear Judge Glenn:

We write on behalf of Jefferies LLC ("Jefferies") in advance of the September 10, 2019 hearing in the Chapter 7 proceeding of Lee Alexander Bressler, 18-13098. The hearing is on Jefferies' motion for leave to take the deposition of Mr. Bressler in connection with an arbitration between Jefferies and Mr. Bressler's former employer, Carbon Investment Partners, LLC ("Carbon"). Mr. Bressler has agreed to be deposed, which we hope will resolve that motion. Mr. Bressler and Carbon also raised in recent letters (Dkt. 160, 162) a secondary issue to which Jefferies briefly responds below, in order to provide the Court with some context in advance of the hearing. Specifically, Mr. Bressler and Carbon seek to use the September 10, 2019 hearing to address whether Carbon should be required to comply with an arbitral order to produce Mr. Bressler's deposition testimony from a separate arbitration. As discussed below, the production of that transcript by a third party has no bearing on Mr. Bressler's estate and, thus, does not implicate the automatic stay and is not relevant to the September 10, 2019 hearing.

By way of background, Jefferies is engaged in a FINRA arbitration with Carbon in which Jefferies is seeking to recover monies owed to it by Carbon. Mr. Bressler is not a party to that arbitration and faces no potential liability in it. The FINRA arbitration panel (the "Panel") ordered Carbon to produce the transcript of Mr. Bressler's deposition testimony that it obtained in a separate AAA arbitration with Mr. Bressler. That testimony is relevant to Carbon's liability to Jefferies. After Carbon failed to produce the transcript, as ordered, the Panel held Carbon in contempt and sanctioned it $50,000.

In ordering Carbon to produce Mr. Bressler's transcript, the Panel was aware of Carbon's position that the transcript is subject to a protective order issued in the AAA arbitration. Following extensive briefing, the Panel determined that it nonetheless should be produced subject to a separate protective order issued by the Panel. To be clear, Jefferies is not asserting – and has no intention to assert – any claims against Mr. Bressler. Mr. Bressler's transcript will be used for only one purpose – to pursue Jefferies' claims against ***Carbon***. Further, because the

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Panel's production order is addressed to Carbon, Mr. Bressler will not incur any costs or bear any other burden in connection with the production of the transcript.  Mr. Bressler implicitly acknowledges that the production of the transcript has no effect on him or his estate, as the only "harm" he cites is that to Carbon: he wishes to conference the issue "so that Carbon is not in the untenable position of facing conflicting orders from various tribunals."

Accordingly, because Carbon's production of the transcript has no impact on Mr. Bressler's estate, Jefferies intends to take the position at the September 10 hearing that the Court should not intervene with respect to the arbitral order requiring production of that transcript.

Respectfully submitted,

/s/ Jon W. Muenz

Jon W. Muenz

cc:  Counsel for Mr. Bressler and Carbon