# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**J. Noah Hagey, Esq.**
Managing Partner
hagey@braunhagey.com

April 15, 2020

<u>VIA ECF</u>

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

     **Re:**    **Request for Status Conference Re. Debtor's Failure to Enter Mediation Protocol and Related Matters – Lee Alexander Bressler ("Debtor") – Chapter 7 – Case No. 18-13098 (MG)**

Your Honor:

     We write on behalf of creditors Carbon Investment Partners, LLC and Carbon Master Fund, L.P. (together, "Carbon") to advise the Court of Debtor's intransigence of the Court's direction to file a mediation protocol, as well as his failure to provide financial disclosures and abide other commitments in connection with the parties' anticipated mediation. Carbon also seeks a limited order to allow it to seek preservation of certain trust assets pending mediation and/or the Court's ruling on Carbon's motion for summary judgment. Such relief is set forth in the [Proposed] Order filed contemporaneously herewith.

     **1.**    **Debtor's Failure to Enter Mediation Protocol.** On March 23, 2020, the Court directed the parties to file a protocol around which the parties' forthcoming mediation would be conducted. The Court is aware that Carbon already has expended substantial resources attempting to settle with Debtor and his agents on prior occasion. Carbon accordingly has insisted on commitments that Debtor and his trust representatives, as well as his spouse and other financial relatives, be personally involved in future mediation efforts. Carbon similarly insisted that Debtor stipulate to use best efforts to profitably lease his property in the Hamptons for the benefit of the estate. Debtor, through his counsel, agreed to these conditions, as well as to provide requisite financial discovery, including certifications from various trusts in which Debtor is a beneficiary.

     On April 3, 2020, Carbon emailed the draft mediation protocol and related materials to Debtor's counsel, a copy of which is enclosed as **Exhibit 1**. Since then, however, Debtor has

failed to respond and refused to provide the required disclosure and other assurances.[1]  As has been Debtor's practice throughout these proceedings, Debtor's feigned interest in resolving his disputes with Carbon ceased once an immediate threat of the Court issuing an adverse order was removed, *i.e.*, in this case, one granting Carbon's pending motion for summary judgment to deny Debtor's discharge.

Rather than provide necessary financial disclosures and signing the Stipulation, Carbon understands that Debtor is passing the time in his East Hampton vacation home—which was to be placed up for rent for the benefit of the estate as part of the mediation protocol agreed to by the parties.  Carbon accordingly requests that the Court order the appended Mediation Protocol.

**2.**      **Debtor's Potential Dissipation of Other Assets.**  Carbon also is concerned that Debtor is using the delay he has created to hypothecate, conceal, or insulate assets, including those held within the eighteen various trusts with which he and his family are associated (the "Trusts"). The lone debt in this single-creditor case is Carbon's fraud judgment against Debtor. Besides the underlying fraud, Debtor has attempted to undermine the integrity of these proceedings at numerous points, including by forensically destroying financial records and related evidence.

Nor is this concern limited to the assets in Debtor's immediate possession.  When Carbon sent Debtor's wife a litigation hold letter on March 30, 2018 (shortly after Debtor's fraud was discovered), she responded by creating a trust for the benefit of Debtor's children and transferred hundreds of thousands of dollars to it—a fact she admitted at her Rule 2004 deposition.[2]

Carbon thus requests that, pending mediation and/or entry of the Court's order on Carbon's motion for summary judgment (or a trial, if that motion is denied), the Court authorize Carbon to initiate proceedings to restrain, but not execute on, the Trusts to ensure that their assets are not being hypothecated or secreted out of the country.

**3.**      **Ruling on Pending Summary Judgment Motion.**  Finally, Carbon requests that the Court decide its outstanding motion for summary judgment seeking denial of discharge under 11 U.S.C. § 727 for, *inter alia*, Debtor's willful forensic destruction of financial records stored on his laptop.

---

[1] The specific chronology of these events is as follows:  On March 26, 2020, Carbon provided Debtor with disclosures and affidavits regarding his and the Trusts' finances in advance of mediation.  On March 30, 2020, Debtor represented that "we have an agreement," and asked Carbon to notify the Court.  That same day, Carbon's bankruptcy counsel advised the Court that the parties "are in the process of preparing an order detailing the mediation protocol, which we intend on submitting to Your Honor later this week." Carbon then prepared the Stipulation and sent it to Debtor on April 3.

[2] Although Debtor's wife is an attorney employed as Counsel at Latham & Watkins LLP, she claimed that she opened these trusts because the litigation hold letter sent by Carbon caused her to "fear[] for my life."  (**Exhibit 2** at 57:19-20.)  When the letter was placed before her, Debtor's wife was forced to admit that there was no threatening language within the letter.  (*Id.* 101:18-22; *see also* **Exhibit 3** [March 30, 2018 litigation hold letter sent by Carbon to Debtor's wife].)

Carbon appreciates the Court's consideration of this request and is available at Your Honor's convenience for a status conference or other hearing as may be appropriate. Carbon has conferred with the Chapter 7 Trustee, who does not object to the relief sought herein.

Respectfully submitted,

J. Noah Hagey

Cc:     <u>All Via E-mail</u>

Kenneth Silverman, Esq.
Ronald Friedman, Esq.
Counsel for Debtor Lee A. Bressler

Gary Herbst, Esq.
David Blansky, Esq.
Counsel for Gregory Messer as Chapter 7 Trustee