UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

LEE ALEXANDER BRESSLER,

     Debtor.

---

GREGORY MESSER, ESQ., as Chapter 7 Trustee of Lee Alexander Bressler,

     Plaintiff,

- against -

SHIRA BRESSLER,

     Defendant.

---

Chapter 7
Case No. 18-13098 (MG)

Adv. Proc. No. _____ (MG)

Plaintiff, Gregory Messer, Esq., solely as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate of Lee Alexander Bressler (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, for his complaint against defendant Shira Bressler ("Defendant"), alleges as follows:

## BACKGROUND AND JURISDICTION

1. The Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on October 12, 2018 (the "Filing Date").

2. By Notice of Appointment, the Plaintiff was appointed as the interim Chapter 7 Trustee of the Debtor's estate, has duly qualified, and is the permanent Trustee in this case.

3. This action arises under 11 U.S.C. §§ 105, 323, 363, 541 and 542, and Federal Rules of Bankruptcy Procedure 6004, 6009 and 7001 (the "Bankruptcy Rules") because this action arises in and under the Debtor's pending Chapter 7 bankruptcy case.

1

4. This Court has jurisdiction over this action in accordance with 28 U.S.C. §§ 1334(a) and (b) and 28 U.S.C. § 157.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), (N) and (O).

6. The United States Bankruptcy Court for the Southern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409(a).

7. In accordance with Bankruptcy Rule 7008, Plaintiff consents to the entry of final orders and judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## **THE PARTIES**

8. As the duly elected and acting bankruptcy Trustee in the Debtor's Chapter 7 case, the Plaintiff is authorized to commence this action under Section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

9. Defendant is the Debtor's wife and an individual residing in the State of New York.

## **FACTUAL BACKGROUND**

10. On the Filing Date, the Debtor and Defendant jointly owned the condominium unit known as, and located at, 120 East 87th Street, Apt R20-G, New York, New York 10128, designated Block 1515, Lot 1399 in the records of the New York City Department of Finance Office of the City Register (the "Property").

11. According to Schedule "A/B" to the Petition, the Debtor and Defendant hold title to the Property by the entireties.

12. According to Schedule "A/B" to the Petition, the Property had a fair market value of $2,750,000.00 as of the Filing Date.

13. According to Schedule "D" to the Petition, as of the Filing Date the Property was encumbered by a first mortgage loan granted to TIAA Bank (the "TIAA Mortgage") and a home equity line of credit mortgage granted to Santander Bank, N.A. (the "Santander Mortgage").

14. According to Schedule "D", as of the Filing Date $1,275,394.00 was due and owing on the TIAA Mortgage.

15. According to Schedule "D", as of the Filing Date $609,054.00 was due and owing on the Santander Mortgage.

16. Upon information and belief, as of the Filing Date the Debtor and Defendant resided at the Property with their children.

17. Upon information and belief, as a consequence of the Covid-19 pandemic, the Debtor, Defendant and their children relocated to a property located in East Hampton, New York, title ownership of which is held by a trust for which the Debtor is the sole beneficiary.

18. Based on the amounts that the Debtor scheduled to be due and owing to TIAA Bank and Santander Bank, N.A. on the loans secured against the Property, there existed no less than $865,552.00 in equity in the Property on the Filing Date based on the Debtor's valuation of the Property.

19. Upon information and belief, payments have continually been made on the TIAA Mortgage, Santander Mortgage, and for real estate taxes due on the Property since the Filing Date.

20. Upon information and belief, there exists no less than $865,552.00 in equity in the Property.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(Incorporating all previous allegations)**

21. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "20" as if set forth fully herein.

22. Under Section 363(h) of the Bankruptcy Code, Plaintiff may seek to sell the Property free and clear of the interest of Defendant and after the sale determines Defendant's distributive interest in the sale proceeds.

23. The partition of the Property is impracticable because: (a) it is comprised of a one-family dwelling, and (b) the sale of the estate's interest alone would realize significantly less than a sale free and clear of Defendant's interest.

24. The benefit to the estate of a sale free from the interest of Defendant outweighs the detriment, if any, to her.

25. Defendant will not be unduly prejudiced by a sale free and clear because she will receive the cash equivalent value of her distributive interest from the proceeds of the sale of the Property.

26. The liquidation of the Property will produce a substantial benefit to the estate's creditors.

27. The Property is a single-family apartment, and not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light and power.

28. By virtue of the foregoing, Plaintiff is entitled to a judgment under Sections 541, 542 and 363(h) of the Bankruptcy Code against Defendant: (a) authorizing and directing Plaintiff to sell the Property, free and clear of Defendant's interest therein; and (b) determining Defendant's distributive interest in and to the proceeds from the sale of the Property.

**WHEREFORE,** the Plaintiff demands judgment against Defendant under Sections 541, 542 and 363(h) of the Bankruptcy Code: (a) authorizing and directing the Plaintiff to sell the Property, free and clear of Defendant's interest therein; and (b) determining Defendant's distributive interest in and to the proceeds from the sale of the Property, together with such other, further and different relief as this Court deems just and proper.

Dated: Wantagh, New York
July 21, 2020

**LaMonica Herbst & Maniscalco, LLP**
Attorneys for Gregory Messer,
solely as the Chapter 7 Trustee

By: _s/ David A. Blansky_
David A. Blansky, Esq.
Gary F. Herbst, Esq.
Partners of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

m:\documents\company\cases\bressler, lee\adversary proceedings\shira bressler\363(h) complaint.docx