```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In Re:                                                              Chapter 11
                                                                    Case No. 18-13098 (MG)
LEE ALEXANDER BRESSLER,

                    Debtor.
---------------------------------------------------------------x
```

**TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY BY CREDITORS CARBON INVESTMENT PARTNERS, LLC'S AND CARBON MASTER FUND, L.P.**

Gregory Messer, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate of Lee Alexander Bressler (the "Debtor"), by and through his attorneys, LaMonica Herbst & Maniscalco, LLP, as and for his response to the Motion for Relief from the Automatic Stay (the "Motion"), filed by Creditors Carbon Investment Partners, LLC and Carbon Master Fund, L.P. ("Carbon") [Dkt. Nos. 211-212], states as follows:

1. Following receipt of the Motion, the Trustee, by his counsel, conferred with counsel for Carbon concerning the relief sought in the Motion and the intersection of Carbon's efforts to enforce the nondischargeable judgment entered against the Debtor with the Trustee's duties to administer this estate, mindful of Carbon's position as the primary creditor of this estate.

2. The Trustee does not object to Carbon being granted relief from stay provided that the Order of the Court granting the Motion state, in sum and substances, as follows:

> Notwithstanding anything contained herein to the contrary, Carbon may enforce its judgment, however, any recovery whether it be monetary or non-monetary (the "Recovery") that Carbon may recover and collect in the enforcement of its judgment. Monetary Recovery shall be held by Braun Hagey & Borden LLP in a segregated account (the "Account") pending a determination by the Court or an agreement between the Trustee and Carbon as to whether such Recovery is property of the estate under Section 541 of the Bankruptcy Code (the "Estate Property") or property exempt from administration by the Trustee. Non-monetary Recovery shall be liquidated by Carbon, in consultation with the Trustee concerning the best and most expedient means of reduced the Non-monetary Recovery to cash and the

proceeds placed within the Accounting pending agreement between the Trustee and Carbon or the Court's determination as to whether the property is estate or non-estate property. Any Recovery that is agreed to be or determined by the Court to be Estate Property shall be turned over to the Trustee by Braun Hagey & Borden LLP within 5 business days after such agreement or Court determination. To the extent that Carbon's efforts to enforce its judgment require it to resolve or compromise any lien, claim or encumbrance existing or asserted to exist in an to any asset that might be the subject of its efforts to collect the judgment, Carbon shall confer with the Trustee concerning any proposed resolution or compromise of any such lien, claim or encumbrance.

3. Carbon participated in the drafting of this language and has agreed to the incorporation of same into the Order that the Court may enter granting the Motion.

Dated: Wantagh, New York
September 29, 2020

**LAMONICA HERBST & MANISCALCO, LLP**
*Attorneys for Gregory Messer, as Chapter 7 Trustee*

By:    *s/David A. Blansky*
David A. Blansky, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. 516.826.6500