UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 7 |
| LEE ALEXANDER BRESSLER, | Case No. 18-13098 (MG) |
| Debtor. | |

**ORDER GRANTING MOTION OF CARBON INVESTMENT PARTNERS, LLC AND CARBON MASTER FUND, L.P. FOR**
<u>**RELIEF FROM THE AUTOMATIC STAY**</u>

Upon the motion of Carbon Investment Partners, LLC and Carbon Master Fund, L.P. (collectively, "<u>Carbon</u>"), pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay (ECF Doc. 211) (the "<u>Motion</u>"); and a hearing having been held on October 6, 2020 before the Court; and upon the Court's decision recited on the record of the hearing; it is hereby

**ORDERED,** that the Motion is granted and the automatic stay is lifted so as to permit Carbon to (a) issue restraining notices and information subpoenas to Debtor, his banking institutions, and other individuals and entities in possession of property in which Debtor or the bankruptcy estate has an interest; (b) conduct an inspection of the real property located at 120 East 87th St., Apt. R20G, New York, NY, and 83 Spring Close Highway, East Hampton, NY, to identify and catalog Debtor's personal property that is part of the bankruptcy estate; and (c) execute its judgment against property of the estate; and it is further

**ORDERED,** that Debtor and Shira Bressler shall receive notice of any such inspection of real property and have an opportunity to be present at such inspection, and that Amy Bressler as trustee of the 83 Spring Close Trust will receive notice of any inspection of the property located at 83 Spring Close Highway and have an opportunity to be present at such inspection; and it is further

**ORDERED,** that any such inspection of real property shall take place during business hours at a time agreed upon by the parties, with such agreement not to be unreasonably withheld,

and that such inspection shall be videotaped and no items of personal property shall be removed from the premises, with the video to be provided upon request by Debtor, Shira Bressler, or Amy Bressler within 3 days of Carbon's receipt of said video; and it is further

**ORDERED,** that the video of the real property inspections shall be confidential under the protective order entered in these proceedings, and it is further

**ORDERED,** that in addition to a videographer, Carbon and the Trustee shall be allowed to have one joint representative attend the real property inspections who shall not have travelled outside of New York State except in compliance with New York's out-of-state travel requirements, and that all persons attending the inspection that are not residents of the property to be inspected shall have submitted to a PCR COVID-19 test (non-rapid) that generated a negative result issued within 48 hours of the commencement of each inspection; and it is further

**ORDERED**, that Debtor, Shira Bressler, and Amy Bressler shall provide a number of dates and respective times for inspections in order to accommodate the 48-hour window for inspection after COVID test results are received; and it is further

**ORDERED**, that the following shall be the protocol for the inspections: (1) attendees will provide a COVID questionnaire confirming no symptoms and no contact with anyone with COVID; (2) attendees will submit to a temperature check on entry; (3) attendees shall wear masks, face shields, and gloves during the inspections; (4) attendees shall not touch Shira Bressler's or the Bressler children's personal items; instead, Debtor and/or Shira Bressler will move items upon the request of attendees as necessary; and (5) items implicated personal privacy (such as undergarments and the like), items containing personal information, medicines, or other plainly non-relevant items shall not be intentionally videotaped; and it is further

**ORDERED**, that Debtor, Shira Bressler, and Amy Bressler shall catalog and disclose to Carbon and the Trustee any items removed from the inspected property with a value of more than $1,000 that were removed between October 6, 2020 (the date that the Court issued its ruling on the record granting Carbon's motion to lift the stay) and the date of inspection; and it is further

**ORDERED,** that, notwithstanding anything contained herein to the contrary, Carbon may enforce its judgment; however, any recovery whether it be monetary or non-monetary (the "Recovery") that Carbon may recover and collect in the enforcement of its judgment shall be held by BraunHagey & Borden LLP in a segregated account (the "Account") pending a determination by the Court or an agreement between the Trustee and Carbon as to whether such Recovery is property of the estate under Section 541 of the Bankruptcy Code (the "Estate Property") or property exempt from administration by the Trustee; and it is further

**ORDERED,** that any non-monetary Recovery shall be liquidated by Carbon, in consultation with the Trustee concerning the best and most expedient means of reduced the non-monetary Recovery to cash, and the proceeds placed within the Account pending agreement between the Trustee and Carbon or the Court's determination as to whether the property is estate or non-estate property; and it is further

**ORDERED,** that any Recovery that is agreed to be or determined by the Court to be Estate Property shall be turned over to the Trustee by BraunHagey & Borden LLP within five business days after such agreement or Court determination; and it is further

**ORDERED,** that to the extent that Carbon's efforts to enforce its judgment require it to resolve or compromise any lien, claim or encumbrance existing or asserted to exist in an to any asset that might be the subject of its efforts to collect the judgment, Carbon shall confer with the Trustee concerning any proposed resolution or compromise of any such lien, claim or encumbrance.

Dated:  **November 4, 2020**
   New York, New York                                                  **/s/Martin Glenn**
                                                                    THE HONORABLE MARTIN GLENN
                                                                    UNITED STATES BANKRUPTCY JUDGE