UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                          Chapter 7
                                                Case No.: 18-13098 (MG)
LEE ALEXANDER BRESSLER,

                    Debtor.

-------------------------------------------------------------x

### DECLARATION IN SUPPORT OF THE ENRY OF AN ORDER COMPELLING THE TURNOVER OF PROPERTY OF THE ESTATE BEING HELD BY THE NORTHERN TRUST COMPANY AND COMPELLING THE DEBTOR TO TURNOVER FUNDS DISBURSED TO OR FOR HIS BENEFIT FOLLOWING THE PETITION DATE

Gary F. Herbst, an attorney duly admitted to the practice of law before the Courts of the State of New York and this Court, affirms the following under penalty of perjury:

1.      I am a member of LaMonica Herbst & Maniscalco, LLP, general counsel retained by Gregory Messer, Esq., in his capacity as Chapter 7 Trustee (the "Trustee") of the above-reference estate by Order of the Court entered on February 19, 2019.

2.      I submit this declaration in support of the Trustee's motion seeking to compel the turnover of non-exempt property of the estate and to compel the Debtor to turn over the amounts of each disbursement made to or for the benefit of the Debtor from the two inherited IRAs after the date on which he filed his bankruptcy case, or, alternatively, to the extent the Debtor is not in the possession, custody and control of any of said funds, to produce all records and information identifying the beneficiaries or subsequent transferees of those disbursements.

3.      The facts warranting the relief are personally known to me or evidenced by the documentary evidence simultaneously filed with the Court.

4.      On October 12, 2018 (the "Petition Date"), Lee Alexander Bressler (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York

(the "Court").

5.    By Notice of Appointment, Gregory Messer, Esq. was appointed as the Chapter 7

Trustee of the Debtor's estate and has since duly qualified by operation of law as the permanent

Trustee of the Debtor's estate.

6.    At Section "21" of the Schedule A/B filed with his Petition, the Debtor disclosed

the following IRA and 401(k) accounts:

| 21. Retirement or pension accounts | | |
|---|---|---|
| *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans | | |
| ☐ No | | |
| ■ Yes. List each account separately. | | |
| Type of account: | Institution name: | |
| 401(k) | Fidelity | $3,190.00 |
| IRA | Northern Trust | $259,232.00 |
| IRA | Northern Trust | $36,929.00 |
| IRA | Charles Schwab | $45,000.00 |

See Dkt. No. 1.

7.    In Schedule C to his Petition, the Debtor claimed that both Northern Trust accounts

were exempt under CPLR § 5205(c)(1) and (2).  See Dkt. No. 1.

8.    The initial meeting of creditors was scheduled for November 16, 2018 and

continued to December 7, 2018, at which time the Debtor appeared and was examined by the

Trustee (the "341 Meeting").  Excerpts of the Debtor's testimony at the 341 Meeting are annexed

as Exhibit "A".

9.    At the continued meeting of creditors held on December 7, 2018, the Trustee asked

the Debtor if he had inherited money or property from anyone.  See Exhibit "A".

10.    The Debtor responded that:

    a.    his father had died in 2001 and he received $125,000 in life insurance proceeds;

    b.    his mother passed away in 2015 with her affairs being in probate;

    c.    he did not "inherit anything outright from [his mother's] estate other than one small ring that she got when [he] was born": and

    d.    that his mother's assets were to go into multiple trusts, of which he was a beneficiary of some. Id.

11.    The Debtor did not disclose at the 341 Meeting that the two Northern Trust IRAs had been inherited by him.  See Exhibit "A".

12.    On May 24, 2019, the Debtor filed amended schedules.  See Dkt. No. 115.  At Section "21" of his amended Schedule A/B, the Debtor listed the following IRAs and 401(k) accounts[1]:

| 21. Retirement or pension accounts | | |
| --- | --- | --- |
| *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans | | |
| ☐ No | | |
| ■ Yes. List each account separately. | | |
| Type of account: | Institution name: | |
| 401(k) | Fidelity | $3,190.00 |
| IRA | Northern Trust | $259,232.00 |
| IRA | Northern Trust | $36,929.00 |

13.    It was not until sometime in the Fall of 2020 when the Trustee and his counsel were first provided with copies of documents produced by the Northern Trust Company ("Northern Trust") pursuant an order entered by the Court under Rule 2004 of the Federal Rules of Bankruptcy Procedure on February 14, 2019 [Dkt. No. 59] and the subpoena dated May 20, 2019 served

---

[1] The Trustee later observed that the Charles Schwab IRA was omitted from the amended Schedule A/B.  LH&M wrote to the Debtor's counsel on October 20, 2020, requesting an explanation of why the Charles Schwab IRA was omitted from the amended Schedule A/B and for copies of the statements for the account for the period from the Petition Date through May 30, 2020.  The Trustee is still awaiting this information.

pursuant to that order, that the Trustee learned that the true nature of the Northern Trust IRAs had not been disclosed in the Petition, the May 2019 amendments, or at the 341 Meeting.

14.    These documents included account statements for the two accounts identified by the Debtor as merely Northern Trust IRAs.

15.    In the statements, which cover the period January 1, 2017 through July 31, 2020, these accounts were identified as the Jane C. Bressler (deceased) Inherited IRA FBO Lee A. Bressler (the "Inherited Jane IRA") and the Norbert Bressler (deceased) Inherited IRA FBO Lee A. Bressler (the "Inherited Norbert IRA")[2].

16.    According to Northern Trust's December 23, 2020 responses and objections to an information subpoena (the "Northern Trust Response"), as of September 30, 2018 the amount on deposit in the Inherited Jane IRA account was $284,526.39 and the amount on deposit in the Inherited Jane IRA as of December 23, 2020 was $136,438.00.  A copy of the Northern Trust Response is annexed as Exhibit "B".

17.    According to the Northern Trust Response, the amount on deposit in the Inherited Norbert IRA was $40,532.28 as of September 30, 2019 and this account was closed as of December 23, 2020.  See Exhibit "B".

18.    Carbon Investment Partners, LLC and Carbon Master Fund, L.P. ("Carbon"), in its capacity as judgment creditors of the Debtor, served Northern Trust with an information subpoena

---

[2] Given that the production by Northern Trust is marked "confidential", the Trustee will simultaneously filing an *ex parte* application to either file redacted copies of the Northern Trust account statements relevant to the Trustee's Motion to Compel either in redacted form or under seal.

and restraining notice dated October 30, 2020 (the "Restraining Notice")[3].  A copy of the restraining notice is annexed as Exhibit "C".

19.    Northern Trust restrained a number of accounts following its receipt of the Restraining Notice, including the Inherited Jane IRA.[4]

20.    By letter dated and transmitted on December 15, 2020, the Trustee formally advised the Debtor that both the Inherited Jane IRA and the Inherited Norbert IRA were inherited assets and, accordingly, not subject to any exemption from administration by the Trustee.  A copy of that letter is annexed as Exhibit "D".

21.    In that letter, the Trustee provided legal authority for the proposition that inherited IRAs are not exempt assets.  See Exhibit "D".

22.    The Trustee also demanded that the Debtor: (a) liquidate the remaining assets in the Inherited Jane IRA and remit those funds to the Trustee; (b) account for the disposition of funds expended after the Petition Date; and (c) for the return of the funds expended after the Petition Date.  See Exhibit "D".

23.    Following review of the applicable case law, the Debtor conceded that the Inherited Jane IRA and the Inherited Norbert IRA constituted non-exempt property of the estate to be administered by the estate and agreed to liquidate and remit to the Trustee the assets remaining in the Inherited Jane IRA.

24.    In furtherance of the turnover of those funds, the Debtor directed that the Northern Trust liquidate the assets in the Inherited Jane IRA.

---

[3] With the consent of the Trustee predicated on certain restrictions and conditions, on October 6, 2020 the Court entered a decision on the record granting Carbon relief from the automatic stay to enforce their judgment, which relief was memorialized in an order entered on November 4, 2020.  [Dkt. No. 227]

[4] The Debtor and Carbon have since been embroiled it litigation over the Restraining Notice in the Supreme Court of the State of New York.

25.     Commencing in January 2020, counsel for the Trustee began negotiations with Carbon, the Debtor and Northern Trust to formulate language that would result in the consensual lifting of the Restraining Notice as to the Inherited Jane IRA and remittance to the Trustee of the amount on deposit following the liquidation of the assets in the Inherited Jane IRA.

26.     Ultimately, last Friday it appeared that the parties had reached a form of stipulation to be so ordered by the Court that would effectuate the turnover of the amount on deposit in the Inherited Jane IRA.

27.     The stipulation was executed by counsel for Carbon and Northern Trust and counsel for the Trustee was also prepared to execute it.  Instead, the Debtor unilaterally decided to submit a letter to Northern Trust containing the Debtor's instructions to remit the amount on deposit to the Trustee, fully cognizant that Northern Trust had restrained the account pursuant to the Restraining Notice and that the express consent of Carbon would be required.  A copy of this letter is annexed as Exhibit "E".

28.     Northern Trust e-mailed counsel for the parties in response to that letter on March 17, 2021 to confirm that the March 11, 2021 letter was insufficient to effectuate the turnover and that an order of a Court would be required in order for Northern Trust to comply.  A copy of the e-mail is annexed as Exhibit "F".

29.     In short, the Trustee is in essentially the precise same position as he was on December 15, 2020 when he memorialized his position for the Debtor.

30.     As reflected in the Norther Trust response, based on the amounts in the accounts as of September 30, 2018 and December 23, 2020, the Debtor depleted approximately $110,000.00 of the assets in those accounts following the Petition Date.

31.    Accordingly, an order should be entered:

(a)    compelling and directing the Debtor and Northern Trust to remit the assets and amounts on deposit in the Inherited Jane IRA, which constitute property of the estate, to the Trustee in accordance with instructions to be provided by him or his counsel in writing; and

(b)    compelling the Debtor to turn over the amounts of each disbursement made to or for the benefit of the Debtor from the Inherited Jane IRA and the Inherited Norbert IRA after the Petition Date, or, alternatively, to the extent the Debtor is not in the possession, custody and control of any of said funds, to produce all records and information identifying the beneficiaries or subsequent transferees of those disbursements.

Dated: March 19, 2021
Wantagh, New York

_s/ Gary F. Herbst_
Gary F. Herbst, Esq.