SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK

---

CARBON INVESTMENT PARTNERS, LLC
AND CARBON MASTER FUND, L.P.,

    Plaintiffs-Judgment Creditors,

-against-

LEE A. BRESSLER,

    Defendant-Judgment Debtor.

---

Index No. 156391/2020

**NON-PARTY NORTHERN TRUST COMPANY'S RESPONSES AND OBJECTIONS TO INFORMATION SUBPOENA**

Pursuant to New York Civil Practice Law and Rules ("CPLR") 5224, The Northern Trust Company (the "Bank"), hereby objects and responds to the Information Subpoena (the "Subpoena") directed to it as follows:

## GENERAL OBJECTIONS AND RESPONSES

The Bank asserts the following General Objections to each and every Question, irrespective of whether they are stated specifically in response. In addition to the General Objections, the Bank states Specific Objections to Questions where appropriate, including objections that are not generally applicable to all Questions. To the extent the Bank responds to Questions to which they object, either generally or specifically, such response shall not constitute a waiver of any General or Specific Objection.

1.    The Bank objects to the Subpoena, and each Question therein, to the extent it seeks to impose on the Bank requirements or obligations that differ from or exceed those required by the New York Civil Practice Law and Rules or any other rule of civil practice applicable herein.

NTAC:1HS-16

2. The Bank objects to the Subpoena, and each Question therein, to the extent it calls for information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other evidentiary privilege or immunity.

3. The Bank objects to the Subpoena, and each Question therein, on the grounds that the proponent has failed to take reasonable steps to avoid imposing undue burden on non-party the Bank.

4. The below responses are based on the Bank's reasonable review of files and documents that the Bank has located to date. The Bank reserves the right to modify, revise or supplement these responses should additional information become known that indicates the needs for such modification, revision or supplementation.

## SPECIFIC RESPONSES AND OBJECTIONS TO SUBPOENA QUESTIONS

1. List below your record of any domestic or foreign active accounts (e.g. demand deposit, checking money market, CD, brokerage and trust), wherever opened, established, or maintained in which the Judgment Debtor now has an interest, individually or with others, under a trade or corporate name, or over which he has signing authority.

**Based on a reasonable review of the files available as of the date of this response, the Bank believes that the Judgment Debtor currently has an interest or has authority over the accounts listed below. Please note all balances below are rounded to the nearest dollar.**

| Title of Account | Amount on Deposit |
|---|---|
| Estate of Jane C Bressler<br>Lee A. Bressler, Executor<br>Scott Z. Bressler, Executor | $69,636 |
| Jane Carol Bressler Charitable Fund Inc. | $294 |
| Jane C Bressler (Deceased) Inherited IRA FBO Lee A Bressler | $136,438 |
| Lee A Bressler | -$1 |
| Jane Carol Bressler Charitable Fund Inc., Lee A Bressler Scott A. Bressler, Directors | $169,855 |

NTAC:1HS-16

| Title of Account | Amount on Deposit |
|---|---|
| The Eden Joy Bressler 2011 Trust, Lee A Bressler, Trustee | $104,597 |
| The Martin Sebastian Bressler Trust UAD December 30, 2013, Lee A Bressler Trustee | $55,007 |
| 83 Spring Close Trust, Amy L Bressler, Trustee | $21,058 |
| GST Exempt Trust FBO Lee Under Art IV JCB 2010 Family Trust, Amy L Bressler, Trustee | $0.00 |
| The Jane C. Bressler Marital Trust, UW of Martin Bressler dtd 10/25/2000, Jane Bressler and Carlyn McCaffrey, Co-Trustees | $731,789 |
| Jane C. Bressler 2014 Revocable Trust, Carlyn McCaffrey as Trustee | $2,287,193 |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler, Co-Trustees | $1,058,552 |
| The Jane C Bressler 2010 Family Trust B, Lee Bressler and Scott Bressler, Co-Trustees | $69 |
| The Jane C Bressler 2010 Family Trust B, Lee Bressler and Scott Bressler, Co-Trustees | $1,076,765 |
| Alex Duering Trust UAD 11/14/1996 FBO Jane Bressler | $1,955,406 |
| Jane C. Bressler GST Share U/W Hannah Blechner | $270,476 |
| Jane C. Bressler GST Share U/W Hannah Blechner | $137,115 |

2. List below your record of any domestic or foreign **closed** accounts (e.g. demand deposit, checking money market, CD, brokerage and trust), wherever opened, established, or maintained in which the Judgment Debtor now has an interest, individually or with others, under a trade or corporate name, or over which he has signing authority.

**The Bank objects to this Question on the ground that it contains no temporal limitation and is therefore overbroad and unduly burdensome. Subject to and without waiving the**

NTAC:1HS-16

foregoing objections, based on a reasonable review of the files available as of the date of this response, the Bank believes that the Judgment Debtor had an interest or had authority over the closed accounts listed below.  As these accounts are now closed, the amount on deposit for each of the accounts is $0.

| Title of Account |
| --- |
| Norbert Blechner (Deceased) Inherited IRA FBO Lee A. Bressler |
| 83 Spring Close Trust, Amy L Bressler As Trustee |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler, Co-Trustees |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler Co-Trustee |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler Co-Trustee |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler Co-Trustee |
| Lee Bressler |
| Bressler Family 2001 Trust UWO Martin Bressler FBO Lee Bressler |
| Trust U/W Emilie Darmstadter FBO: Lee A Bressler |
| The Hannah Blechner 1985 Trust; FBO Lee Bressler |

3. For each account, active and closed identified above, state the amount on deposit as of October 12, 2018:

**The Bank does not have in its possession, custody, or control records or other information showing the daily account balances for any identified accounts on the specific date of October 12, 2018.  Based on a reasonable review of the files available as of the date of this response, the Bank responds below with account balances as of September 30, 2018 – the closest available date to October 12, 2018 – on which the Bank has comprehensive records for balances in all identified accounts.  Where account balances are listed as "N/A," no balance is available as of September 30, 2018 due to the account having been previously closed.**

| Title of Account | Amount on Deposit 09/30/2018 |
|---|---|
| Estate of Jane C Bressler, Lee A. Bressler, Executor, and Scott Z. Bressler, Executor | $84,854.64[1] |
| Jane Carol Bressler Charitable Fund Inc. | $5,874.29[2] |
| Jane C Bressler (Deceased) Inherited IRA FBO Lee A Bressler | $284,526.39 |
| Lee A Bressler | $1,575.97 |
| Jane Carol Bressler Charitable Fund Inc., Lee A Bressler Scott A. Bressler, Directors | $185,378.51 |
| The Eden Joy Bressler 2011 Trust, Lee A Bressler, Trustee | $91,434.14 |
| The Martin Sebastian Bressler Trust UAD December 30, 2013, Lee A Bressler Trustee | $48,992.68 |
| 83 Spring Close Trust, Amy L Bressler, Trustee | $305,772.41 |
| GST Exempt Trust FBO Lee Under Art IV JCB 2010 Family Trust, Amy L Bressler, Trustee | $0 |
| The Jane C. Bressler Marital Trust, UW of Martin Bressler dtd 10/25/2000, Jane Bressler and Carlyn McCaffrey, Co-Trustees | $658,117.53 |
| Jane C. Bressler 2014 Revocable Trust, Carlyn McCaffrey as Trustee | $2,382,690.72 |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler, Co-Trustees | $2,612,276.44 |
| The Jane C Bressler 2010 Family Trust B, Lee Bressler and Scott Bressler, Co-Trustees | $284,613.51 |

---

[1] Balance as of September 16, 2018 – statement end date.
[2] Balance as of September 13, 2018 – statement end date.

| Title of Account | Amount on Deposit 09/30/2018 |
|---|---|
| The Jane C Bressler 2010 Family Trust B, Lee Bressler and Scott Bressler, Co-Trustees | $671,924.68 |
| Alex Duering Trust UAD 11/14/1996 FBO Jane Bressler | $1,665,432.77 |
| Jane C. Bressler GST Share U/W Hannah Blechner | $353,698.31 |
| Jane C. Bressler GST Share U/W Hannah Blechner | $120,971.75 |
|  |  |
| Norbert Blechner (Deceased) Inherited IRA FBO Lee A. Bressler | $40,532.28 |
| 83 Spring Close Trust, Amy L Bressler As Trustee | N/A |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler, Co-Trustees | N/A |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler Co-Trustee | N/A |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler Co-Trustee | N/A |
| The Jane C Bressler 2010 Family Trust A, Lee Bressler and Scott Bressler Co-Trustee | N/A |
| Lee Bressler | N/A |
| Bressler Family 2001 Trust UWO Martin Bressler FBO Lee Bressler | N/A |
| Trust U/W Emilie Darmstadter FBO: Lee A Bressler | N/A |
| The Hannah Blechner 1985 Trust; FBO Lee Bressler | N/A |

4.       List your record of any line of credit, including any HELOC, issued to Judgment Debtor.

**Based on a reasonable review of the files available as of the date of this response, the Judgment Debtor had a loan which commenced on August 30, 2016. On December 16, 2019, the Bankruptcy Court entered an order approving pay off of the loan, and the loan was paid in full on December 31, 2019.**

5.       List your record of any safe deposit box in any domestic or foreign branch or office in which Judgment Debtor has an interest, individually or with others, under a trade or corporate name, or has access thereto:

**Based on a reasonable review of the files available as of the date of this response, the Bank is aware of no safe deposit boxes in which Judgment Debtor has an interest.**

6.       Describe any assets or collateral you hold, wherever such assets or collateral may be located, in which the Judgment Debtor has an interest.

**Please refer to the Bank's responses to Numbers 1, 2 and 3 above. Based on a reasonable review of the files available as of the date of this response, the Bank holds no other assets or collateral.**

7.       Set forth the full nature of any security interests or liens claimed against the property of the Judgment Debtor (or supply a copy thereof).

**Based on a reasonable review of the files available as of the date of this response, the Bank states that any security interest or lien claimed against the property of Judgment Debtor would involve the loan disclosed in response to Number 4 above. As explained, this loan was repaid December 31, 2019, and the Bank does not anticipate a lien arising from the circumstances involved in this loan.**

8.       Describe any other transactions you have or have had with the Judgment Debtor directly or indirectly, as a result of which such Judgment Debtor may now or in the future become entitled to any monies or credits.

**The Bank objects to this Question on the ground that it contains no temporal limitation and is therefore overbroad and unduly burdensome. The Bank further objects to this Question as vague and ambiguous. Subject to and without waiving the foregoing objections, and to the extent the Bank is able to understand this Question, the Bank states that based on a reasonable review of the files available as of the date of this response, any transactions the Bank has had with the Judgment Debtor in which Judgment Debtor may now or in the future become entitled to any monies or credits would be tied to the accounts identified in the Bank's responses to Numbers 1, 2 and 3 above.**

9.       Has the Judgment Debtor given you a statement of financial condition?

**The Bank has Personal Financial Statements for the Judgment Debtor, which were provided to the Bank in 2016, 2017, 2018, and 2019. The Bank does not possess a present statement of Judgment Debtor's financial condition.**

      If yes, please fully describe all assets disclosed therein (or in the alternative, supply a copy thereof)?

**The Bank is willing to make available copies of the Personal Financial Statements in its possession to Judgment Creditor's counsel at a mutually convenient time and place.**

10.    State the name(s) of the person(s) who are presently employed by The Northern Trust Company in any location with knowledge or information concerning Northern Trust's financial relationship or business transactions with the Judgment Debtor.

**The Bank states as follows, and requests that any contacts or further requests be made via the undersigned counsel for the Bank:**

**Maryann Campbell**

**Cheryl Culp**

11.    State the name, business address and telephone number of the person(s) who participated in responding to the above information requests.

**The Bank states as follows, and requests that any contacts or further requests be made via the undersigned counsel for the Bank:**

**Mary C. Donahue, Senior Paralegal, 50 South LaSalle Street, MB-09, Chicago, IL 60603; Phone (312) 630-1828**

Dated: December 23, 2020              Respectfully Submitted,

As to objections:

      /s/ Robert J. Burns
Robert J. Burns
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
robert.burns@hklaw.com


As to responses:
THE NORTHERN TRUST COMPANY
50 South LaSalle Street
Chicago, IL 60603

NTAC:1HS-16

By: *Kathleen Carlson*
Kathleen Carlson
Senior Paralegal, Vice President

NTAC:1HS-16

## V E R I F I C A T I O N

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF NEW YORK )

      Kathleen Carlson, being duly sworn, deposes and says that she is a Senior Paralegal and Vice President of Non-Party The Northern Trust Company; that she has read The Northern Trust Company's Responses and Objections to Information Subpoena; and that the contents thereof are true based on The Northern Trust Company's reasonable review of files and documents that The Northern Trust Company has located to date.

                        *Kathleen Carlson* (signature)
                        _____

NTAC:2SE-18                                                      1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via Email and U.S. Mail on this 23rd day of December, 2020 upon:

Jonathan Kortmansky, Esq.
Braun Hagey & Borden LLP
7 Times Square
27th Floor
New York, NY 10036
kortmansky@braunhagey.com

and

Ronald Fisher, Esq.
Braun Hagey & Borden LLP
351 California St., 10th Floor
San Francisco, CA 94104
fisher@braunhagey.com

/s/ Robert J. Burns
_____
Robert J. Burns

NTAC:1HS-16