**LaMonica Herbst & Maniscalco, LLP**
*Moving Forward. Staying Ahead.*®

**Gary F. Herbst, Esq.**
Member
p: 516.826.6500 x223
gh@lhmlawfirm.com

December 15, 2020

**VIA E-MAIL & FIRST-CLASS MAIL**
Ronald J. Friedman, Esq.
SilvermanAcampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
RFriedman@SilvermanAcampora.com

      **In re: Lee Alexander Bressler**
         **Chapter 7**
         **Case No. 18-13098 (MG)**

Dear Ron:

  As we discussed yesterday morning, the Debtor disclosed two IRAs held at The Northern Trust Company ("Northern Trust") on his Petition and Schedules, but failed to identify them as IRAs inherited from his parents. He similarly provided misleading testimony at the Section 341 meeting of creditor's concerning his inheritances from his parents, Jane and Norbert. A copy of page 16 of the transcript of his testimony is enclosed.

  The Trustee recently learned that these two scheduled IRAs were in fact inherited IRAs. The Northern Trust statements clearly identify those accounts as being inherited IRAs.

  The Debtor filed his voluntary petition on October 12, 2018. The Norbert Bressler Inherited IRA had assets of approximately $40,000 at September 1, 2018 and $38,000 at October 31, 2018. The Jane Bressler Inherited IRA had assets of approximately $284,000 at September 1, 2018 and $263,000 at October 31, 2018.

  As of the end date of the last statements available to the Trustee, July 31, 2020, the Norbert Bressler Inherited IRA has been fully depleted and the securities in the Jane Bressler Inherited IRA were valued at approximately $217,000.

  The statements for the Norbert Bressler Inherited IRA reflect multiple post-petition disbursements, including, loan payments to Northern Trust on June 10, 2018, June 25, 2019, July 22, 2019 and August 23, 2019, and a payment to your firm of $14,000.00 on September 6, 2019.

  The statements for the Jane Bressler Inherited IRA reflected multiple post-petition disbursements, including, $44,500 on December 9, 2019 and $25,000 on June 8, 2020.

  As these are inherited IRAs, they are not exempt assets and have, at all times, constituted property of the estate.

**LaMonica Herbst & Maniscalco, LLP**

Ronald J. Friedman, Esq.
December 15, 2020
Page 2

In In re Lerbakken, the 8th circuit held that the exemption for retirement funds does not include inherited IRAs, basing its decision on a 2014 Supreme Court case, Clark v. Ramekar. Lerbakken v. Sieloff & Assocs., P.A. (In re Lerbakken), 590 B.R. 895, 897 (B.A.P. 8th Cir. 2018).

In Clark v. Ramekar, the Supreme Court found that inherited IRAs do not operate like ordinary IRAs in three distinct ways: (1) the holder of an inherited IRA may never invest additional money in the account, (2) holders of inherited IRAs are required to withdraw money from such accounts, no matter how many years they may be from retirement, and (3) the holder of an inherited IRA may withdraw the entire balance of the account at any time - and for any purpose—without penalty. 573 U.S. 122, 128, 134 S. Ct. 2242, 2247 (2014) (citing 26 U. S. C. § 219(d)(4)). The Supreme Court concluded that the funds held in such accounts are not objectively set aside for the purpose of retirement, and are therefore not exempt as retirement funds. Clark at 573 U.S. 129-30 (reasoning that exempting inherited IRAs would run contrary to the purpose of the exemption – to allow debtors to meet their basic needs and get a fresh start – because they could use the funds for luxury purchases immediately after the bankruptcy proceedings are completed).

The Bankruptcy Court for Northern District of New York has likewise held that exempting inherited IRAs would be inconsistent with the legislature's intent to protect individuals' savings for retirement, for the same reasons the Supreme Court found in Clark v. Ramekar. In re Todd, 585 B.R. 297, 304 (N.D.N.Y. 2018) (because holders cannot contribute, the funds may be accessed at any time without penalty, and holders are obligated to draw down their account, they are considered discretionary accounts, no different from checking accounts) (citations omitted); *see also* In re Klipsch, 435 B.R. 586, 589 (S.D. Ind. 2010) (The public policy considerations which support protecting debtor's retirement savings do not extend to inheritances.).

Consequently, the Debtor has disposed of property and withheld property of the estate.

The Debtor is prohibited from further disbursing any funds remaining in either of the Jane Bressler Inherited IRA and/or Norbert Bressler Inherited IRA.

On or before the close of business on December 21, 2020: (a) any cash or securities remaining in either of the IRAs should be liquidated and remitted to the Trustee, care of this firm; (b) the amounts expended by the Debtor from the IRAs subsequent to the petition date must be repaid to the estate; and (c) the Debtor must account to the Trustee for the funds expended by him from the IRAs, which accounting should include the production of the statements for every month on and after August 1, 2020 through this date.

**LaMonica Herbst & Maniscalco, LLP**

Ronald J. Friedman, Esq.
December 15, 2020
Page 3

   Unless the Debtor remits the funds as demanded herein on or before December 21, 2020 by the close of business and accounts on or before that deadline, the Trustee intends to immediately move before the Court to compel the turnover, obtain an accounting and object to the assertion of any exemption over these Trusts.

                Very truly yours,

                *s/ Gary G. Herbst*
                Gary F. Herbst

GFH:rrl
Enclosure
cc: Gregory Messer, as Trustee (via e-mail)
   Carly S. Everhardt, Esq. (via e-mail ceverhardt@foley.com)
   Mark J. Wolfson, Esq. (via e-mail mwolfson@foley.com)