# David A. Blansky

| | |
|---|---|
| **From:** | Robert.Burns@hklaw.com |
| **Sent:** | Wednesday, March 17, 2021 12:54 PM |
| **To:** | RFriedman@SilvermanAcampora.com |
| **Cc:** | Gary Herbst; David A. Blansky |
| **Subject:** | RE: Bressler - Inherited IRA - Direction Letter |

All,

I had understood for most of last week, and the weeks before, that we all were moving toward a streamlined procedure whereby all of the interest-holders—Lee, Carbon, the bankruptcy trustee, and NT—would enter into a stipulation, to be so-ordered, directing NT to turn over the proceeds of the account in question, and including the appropriate hold-harmless language NT had requested be inserted. I had understood that all parties in question were amenable to that approach, and to NT's proposed language (save for one clause, which we agreed to remove at the request of Lee's counsel). We signed the draft stip, and I had been under the impression—until I spoke with the trustee's counsel on Friday afternoon—that all others had as well.

I now understand that Lee's counsel does not want to proceed via the so-ordered stip that we had been moving toward. Absent a so-ordered stip in the final form we had agreed, the letter attached to Ron's email below is not sufficient for NT to release the proceeds of the account in question, which are being restrained pursuant to the restraining notice served by Carbon. I understand that Lee is challenging that restraint in state court, and that this challenge remains pending, but NT is unable to change the status quo with respect to the restrained account until the court (or, at least, a court) lifts the restraint, either generally or specifically with respect to the account in question.

The so-ordered stip that had been contemplated would, to me, have been the easiest way to accomplish this. If Lee is unwilling to proceed in this manner, the options, as I see them (and subject to further client confirmation, which I am awaiting), are as follows:

1)      A consent motion to the state court, joined by Carbon, Lee, and the bankruptcy trustee, asking that the restraint be lifted as to the account in question to allow NT's turnover to the bankruptcy trustee; or

2)      If Lee is unwilling to proceed via a consent motion, a joint motion to the state court by Carbon and the bankruptcy trustee along the lines suggested in (1), which will get decided whenever it gets decided and which will not be acted on by NT unless and until the state court authorizes the turnover.

I don't think that separate letters to NT, from each party in interest (Carbon, Lee, and the bankruptcy trustee) would necessarily suffice to do the trick, either. The CPLR is clear that a restraining notice is lifted only upon court order or satisfaction of judgment. If you have authority validating an approach that does not include a court order (either on a motion or a so-ordered stip), I'm happy to take a look at it and consider it; I'm not aware of any. In any event, if there is authority validating an approach without a court order, NT would need more than the recent letter from Lee's counsel. Assuming authority exists for a non-judicial approach, we would need, at a minimum, written communications from all interest-holders with the same substantive language that had been in the stip (i.e., agreeing that the restraint should be lifted as to the account in question, directing the turnover of account proceeds to the bankruptcy trustee in accord with the trustee's written directions, and holding NT harmless for following the parties' collective instructions).

Happy to discuss on a joint call if that would be helpful. I would think that we would want Carbon's counsel on the call as well, before everyone gets too far down a road that Carbon will not agree to.

Thanks,

1

Bob Burns

**Robert J. Burns** | **Holland & Knight LLP**
31 West 52nd Street | New York, NY 10019
Mobile 917.547.2170
Phone 212.513.3490 | Fax 212.341.7195
robert.burns@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Ronald J. Friedman <RFriedman@SilvermanAcampora.com>
**Sent:** Friday, March 12, 2021 1:18 PM
**To:** Burns, Robert J (NYC - X73490) <Robert.Burns@hklaw.com>
**Cc:** GFH@lhmlawfirm.com; David A. Blansky <DAB@lhmlawfirm.com>
**Subject:** Bressler - Inherited IRA - Direction Letter

*[External email]*

Bob – please see the attached correspondence and provide same to your client to remit the payment to the chapter 7 trustee. I attach the chapter 7 trustee's wire transfer instructions that had been previously supplied to me.

Thank you.

Ron


Ronald J. Friedman

**SILVERMAN ACAMPORA LLP**
*Character is Everything®*

100 Jericho Quadrangle Suite 300
Jericho, New York 11753
516-479-6303
RFriedman@SilvermanAcampora.com

**Statement of Confidentiality**: This communication and any attachments may contain confidential or privileged material meant to be read only by the intended recipient. If you are not the intended recipient, please notify the sender and delete the communication. Any dissemination, distribution, or copying of this communication and any attachments is strictly prohibited.

**Transmittal of Documents:** Any transmittal of an unsigned agreement or other document does not constitute an offer, acceptance thereof, or a binding contract until such time as it has been executed by an authorized representative of our client and delivered to you or your client (subject to anything explicitly to the contrary in any email from us).

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.