**SILVERMANACAMPORA LLP**
Attorneys for Debtor
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

                                                           Chapter 7
                                                           Case No.:  18-13098 (MG)

LEE ALEXANDER BRESSLER,

                         Debtor.
-------------------------------------------------------------------x

## DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION FOR ENTRY OF AN ORDER COMPELLING THE TURNOVER OF PROPERTY OF THE ESTATE HELD BY NORTHERN TRUST COMPANY AND COMPELLING THE DEBTOR TO TURNOVER TO THE TRUSTEE THE FUNDS DISBURSED TO OR FOR HIS BENEFIT FOLLOWING THE PETITION DATE

Lee Alexander Bressler (the "Debtor"), by his attorneys, SilvermanAcampora LLP, submits this memorandum in opposition to the motion (ECF Doc. No. 231) (the "Turnover Motion") filed by Gregory Messer, Chapter 7 Trustee of the Debtor's estates (the "Trustee") seeking entry of an order pursuant to 11 U.S.C. §§ 105(a), 521, 541(a)(1), 542(e), 543(b), and 704(a) compelling the turnover to the Trustee of assets contained in an inherited IRA account (the "Inherited Jane Bressler IRA") held by the Debtor on the Petition Date in the possession of the Northern Trust Company ("Northern Trust"); and (b) compelling the Debtor to turn over the amounts of each disbursement made to or for the benefit of the Debtor from the Inherited Jane Bressler IRA, and second inherited IRA (the "Inherited Norbert Blechner IRA") after the Petition Date, or, alternatively, to the extent the Debtor is not in the possession, custody or control of any such funds, to produce all records and information identifying the beneficiaries or subsequent transferees of those disbursements.

**PRELIMINARY STATEMENT**

The Turnover Motion is a misguided gambit to obtain control of assets held hostage pursuant to a restraining notice dated October 30, 2020 (the "Restraining Notice") served by Carbon Investment Partners, LLC and Carbon Master Fund, L.P. ("Carbon") upon Northern Trust, which has been applied in a grossly overbroad manner to freeze more than a dozen accounts in which the Debtor, in many cases, has absolutely no interest. The Inherited Jane Bressler IRA[1] is ensnared in that dragnet.

Carbon has attempted to use the Restraining Notice as a bludgeon, precluding the use of funds in any account remotely connected to the Debtor's family for *any* purpose, including the payment of administrative expenses and taxes, to coerce the satisfaction of its Judgment against the Debtor out of funds otherwise exempt from execution under Article 52 of New York's Civil Practice Law and Rules ("CPLR"). Consistent with its scorched-earth tactics, Carbon has refused to lift the Restraining Notice even as to accounts in which Carbon *concedes* the Debtor has no interest, such as those benefiting only the Debtor's sibling or minor children.

The Turnover Motion arises out of the Trustee's failed attempt to secure Carbon's consent, together with that of the Debtor and Northern Trust, to lift the Restraining Notice with respect to the Inherited Jane Bressler IRA, which the Trustee argues (and Carbon apparently acknowledges) contains non-exempt bankruptcy estate assets, to allow the liquidation and turnover of those assets to the Trustee. The Trustee's eagerness to appease Carbon with an overreaching stipulation ultimately caused those efforts to collapse, and the Trustee subsequently filed the instant Turnover Motion, seeking a shortened notice period.

---

[1] Capitalized terms not defined herein have the same meaning as that attributed to them in the Trustee's Motion.

As the Trustee is no doubt aware, however, a trustee cannot seek the turnover of assets in the possession, custody, and control of a *non-debtor party* absent the commencement of a formal adversary proceeding governed by Part VII of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules."). That portion of the Trustee's Motion seeking to compel Northern Trust to liquidate and turn over the assets in the Inherited Jane Bressler IRA must be denied because Northern Trust *cannot be bound* by any such order of this Court. Nor, for that matter, would Carbon, whose rights and interests as a judgment creditor under state law would undoubtedly be implicated.

Even if Northern Trust were subject to this Court's jurisdiction pursuant to a properly commenced adversary proceeding, the primary obstacle to the turnover of the assets is the Restraining Notice. It is unclear whether the Bankruptcy Court, having previously lifted the automatic stay to permit Carbon to avail itself of judgment enforcement remedies under the CPLR, has the authority to issue an order concerning the validity and reach of the Restraining Notice, particularly since those issues are already before the Supreme Court of the State of New York for New York County (the "Supreme Court").[2]

Simply stated, despite the Trustee's attempt to cast the Debtor as the fly in the proverbial ointment, it is the existence of the Restraining Notice, and *not the Debtor*, that presents the sole obstacle to the turnover of the disputed assets. The Debtor declined to execute a clearly prejudicial stipulation urged by the Trustee and Carbon, containing gratuitous and misleading representations as to the validity and effectiveness of the Restraining Notice, knowing that those issues were in dispute before the Supreme Court. The Debtor was not, and is not, prepared to prejudice his rights in that manner. In lieu of the proposed stipulation, as set forth in the Turnover Motion, the Debtor

---

[2] *See Carbon Investment Partners, LLC, et al v. Lee Bressler*, Index No. 156391/2020. By Order dated April 26, 2021, the Supreme Court denied the Debtor's motion to vacate the Restraining Notice. [Dkt. No. 59].

GSG/2714002.3/067928.1

provided written instructions to Northern Trust directing the liquidation and turnover of the proceeds of the Inherited Jane Bressler IRA.  Northern Trust, however, refused to honor the Debtor's directive absent written consent from Carbon.  (*See* Exhibit F to Turnover Motion, Email from Robert Burns to Ronald Friedman, Gary Herbst and David Blansky).  Carbon has refused to provide that consent.

Under the circumstances, an order of the Supreme Court, binding upon both Carbon and the Debtor, declaring that the Restraining Notice is ineffective as to the assets in the Inherited Jane Bressler IRA, appears to be a necessary condition precedent to any turnover order by this Court.  Accordingly, that portion of the Turnover Motion seeking to compel Northern Trust to turn over of the assets in the Inherited Jane Bressler IRA should be denied.[3]

## ARGUMENT

### I.

### THE TURNOVER MOTION SHOULD BE DENIED TO THE EXTENT IT SEEKS THE TURNOVER OF ASSETS HELD BY NORTHERN TRUST

That portion of the Turnover Motion seeking an order compelling Northern Trust to turn over assets in its possession, custody or control should be denied because an action to recover money or property from a non-debtor party requires the commencement of an adversary proceeding, initiated by a complaint filed in accordance with the rules applicable to adversary proceedings.  Fed. R. Bankr. P. 7001(1) (providing that a proceeding "to recover money or

---

[3] Moreover, the Debtor notes that Schedule C of the Debtor's Petition identifies both the Inherited Norbert Blechner IRA and the Inherited Jane Bressler IRA as exempt assets.  The Trustee has not filed an objection to the Debtor's claimed exemptions, and may be time-barred from doing so.  An objection must be made within 30 days after the conclusion of the 341 meeting of creditors, and it is unclear whether the 341 meeting of creditors, last adjourned to February 27, 2020 (Dkt. No. 183] has been concluded.  The Debtor therefore objects to the Turnover Motion, in its entirety, to the extent that the assets at issue are the subject of an unchallenged exemption, and the time to object to that exemption has expired.

property, other than a proceeding to compel the debtor to deliver property to the trustee" constitutes an adversary proceeding). *See In re Markus*, 610 B.R. 64, 80 (Bankr. S.D.N.Y. 2019); *In re Realty Southwest Assoc.*, 140 B.R. 360, 365 n. 2 (Bankr. S.D.N.Y.1992) ("Pursuant to 11 U.S.C. § 542, 'turnover' involves an action by the debtor or trustee to recover money or property to the estate. Such an action must be accomplished by adversary proceeding."); *In re Hinsley*, 149 F.3d 1179 (5th Cir. 1998).

The Court of Appeals for the Fifth Circuit, in *In re Hinsley*, reversed an order of the District Court directing a non-debtor to turn over certain property to the bankruptcy trustee, declaring the order "invalid." The Court stated:

> Rule 7001 of the Bankruptcy Rules provides that an action by the Trustee against a third party for turnover relief pursuant to § 542 constitutes an adversary proceeding. See Fed. R. Bankr. P. 7001(1); *Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 437 (5th Cir.1994). "Adversary proceedings are governed by Part VII of the Bankruptcy Rules, Bankruptcy Rule 7001, and the rules in Part VII generally 'either incorporate or are adaptations of most of the Federal Rules of Civil Procedure.'" Id. (quoting Fed. R. Bankr. P. 7001 advisory committee's note). ***As such, a request for turnover relief against someone other than the debtor must be commenced by complaint rather than by motion.*** See Fed. R. Bankr. P. 7003 (providing that an adversary proceeding "is commenced by filing a complaint with the court").

*Id.* at *34-35 (emphasis supplied). The *Hinsley* Court concluded that, "because the Trustee may only seek turnover relief from Mrs. Hinsley via a properly filed and served complaint in an adversary proceeding, the [turnover order] is in no way binding on her." *Id.* at 37.

In *Hinsley*, the Fifth Circuit cited with approval the Seventh Circuit case of *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir.1990), in which the Court held that, "[a] turnover proceeding commenced by motion rather than by complaint will be dismissed, and a turnover order entered in an action commenced by motion will be vacated." *See also Smith v. Wheeler Tech., Inc. (In re Wheeler Tech., Inc.),* 139 B.R. 235, 240 (B.A.P. 9th Cir.1992) ("A turnover action is an adversary

proceeding which must be commenced by a properly filed and served complaint.") (internal quotation marks omitted)); *Mayex II Corp. v. Du-An Prods ., Inc. (In re Mayex II Corp.),* 178 B.R. 464, 467 (Bankr. W.D. Mo.1995) (dismissing motion for turnover relief on the ground that an action for such relief must be commenced by a properly filed and served complaint); *In re Taronji*, 174 B.R. 964, 966 (Bankr. N.D. Ill.1994) ("Ordinarily, a trustee must bring a separate adversary proceeding in order to recover disputed property of the estate…."*); In re McCray*, 2018 Bankr. LEXIS 3829, *9 (Bankr. W.D. La. Dec. 4, 2018); *Reed v. Nathan,* 558 B.R. 800, 821 (E.D. Mich. 2016) (stating that under Rule 7001(1), an action to recover money or property from a third party must be brought as an adversary proceeding); *In re Dybalski*, 316 B.R. 312, 315 (Bankr. S.D. Ind. 2004).

Moreover, because any order compelling the turnover of assets currently subject to the Restraining Notice would directly affect Carbon's interests, Carbon must be named as a defendant in an adversary proceeding that seeks such relief.

Based upon the foregoing that portion of the Turnover Motion seeking to compel the turnover of assets from Northern Trust must be denied.

## **CONCLUSION**

For all of the foregoing reasons, the Debtor respectfully requests that the Turnover Motion be denied in its entirety, or alternatively, to the extent it seeks an order compelling the turnover of the Inherited Jane Bressler IRA.

Dated: Jericho, New York
April 28, 2021

**SILVERMANACAMPORA LLP**
Attorneys for the Debtor

By:   *s/Ronald J. Friedman*
Ronald J. Friedman
A Member of the Firm
100 Jericho Quadrangle - Suite 300
Jericho, New York 11753
(516) 479-6300

GSG/2714002.3/067928.1