UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                        Chapter 7
                                                                              Case No.: 18-13098 (MG)
LEE ALEXANDER BRESSLER,

        Debtor.
------------------------------------------------------------x

**DECLARATION IN REPLY TO DEBTOR'S OPPOSITION TO THE TRUSTEE'S MOTION SEEKING THE ENRY OF AN ORDER COMPELLING THE TURNOVER OF PROPERTY OF THE ESTATE BEING HELD BY THE NORTHERN TRUST COMPANY AND COMPELLING THE DEBTOR TO TURNOVER FUNDS DISBURSED TO OR FOR HIS BENEFIT FOLLOWING THE PETITION DATE**

    David A. Blansky, an attorney duly admitted to the practice of law before the Courts of the State of New York and this Court, affirms the following under penalty of perjury:

    1.    I am a partner of LaMonica Herbst & Maniscalco, LLP, general counsel retained by Gregory Messer, Esq., in his capacity as Chapter 7 Trustee (the "Trustee") of the above-reference estate by Order of the Court entered on February 19, 2019.

    2.    I submit this declaration in response to the opposition filed by the Debtor in partial opposition (the "Opposition") to the Trustee's motion seeking to compel the turnover of non-exempt property of the estate and other relief (the "Motion") and in further support of the Motion.

    3.    As reflected in the Motion [Dkt Nos. 231 and 240], the Trustee seeks both to: (a) compel the turnover to him of funds to which the Debtor has access in the Inherited Jane Bressler IRA held by the Northern Trust[1], as custodian, and (b) compel the Debtor to turn over the amounts of each disbursement made to or for the benefit of the Debtor from the two Inherited IRAs (as defined below) after the Petition Date, or, alternatively, to the extent the Debtor is not in the

---

[1] Capitalized terms herein shall have the same meaning as in the Motion.

1

possession, custody and control of any of said funds, to produce all records and information identifying the beneficiaries or subsequent transferees of those disbursements.

4. As a preliminary matter, the Opposition only addresses that branch of the Motion seeking an order requiring the turnover of the funds in the Inherited Jane Bressler IRA and does not appear to interpose any objection to the remainder of the relief sought in the Motion.

5. In the preliminary statement, the Opposition disputes that the Debtor has an interest in more than a dozen of the accounts subject to the Restraining Notice. The fact that he was unable to demonstrate his burden of proof in moving to vacate the Restraining Notice is delegated to a footnote found on the following page of the Opposition. See Opposition, n. 2. A copy of the decision and order of the Supreme Court, dated April 26, 2021, which denied the Debtor's motion to vacate the Restraining Notice since he failed to prove "he has no interest in the subject accounts", is annexed as Exhibit "A".

6. With respect to the Inherited Jane Bressler IRA, the Opposition is notable for what it does not say.

7. The Debtor does not dispute that, through his counsel, he agreed that the Inherited Jane Bressler IRA was not an exempt asset, was subject to administration by the Trustee, that he would liquidate the holdings in the account at Northern Trust, and that he would remit them to the Trustee.

8. The Opposition does not dispute that in furtherance of that goal, the Debtor directed Northern Trust to liquidate the holdings in the Inherited Jane Bressler IRA.

9. The Debtor does not dispute that the Debtor, Trustee, Carbon and Northern Trust reached terms pursuant to which the Restraining Notice would be lifted by Carbon so that the Inherited Jane Bressler IRA could be delivered to the Trustee for administration by the estate.

10. The Debtor does not dispute that Carbon and Northern Trust executed the written stipulation agreed to by the parties or that the Trustee was prepared to execute it as well upon receipt of the signatures of the Debtor and his counsel.

11. The Debtor does not dispute that his express consent to the turnover was memorialized in a written direction to Northern Trust dated March 11, 2021, a copy of which is annexed to the Motion as Exhibit "E", in which his counsel stated:

> I write to you to advise (and my client's signature below authorizes) your client, The Northern Trust Company to liquidate and to turnover the proceeds in Account Number ▮▮▮▮ (Bressler Lee Jane) to Gregory Messer as the chapter 7 trustee of Lee Alexander Bressler.

12. The transfer was not conditioned on any restrictions or reservation of rights. Instead, the letter manifested the Debtor's knowing and express consent to the turnover and the relinquishment and waiver of any objection to the turnover.

13. Moreover, the Opposition does not contend that the Debtor ever raised or preserved any objections to the turnover based on a failure of the Trustee to timely object to the exemption asserted by the Debtor in and to the Inherited Jane Bressler IRA and the Inherited Norbert Blechner IRA (collectively, the "Inherited IRAs") contrary to the suggestion in footnote 3 to the Opposition.

14. Footnote 3 misrepresents the nature of the disclosures he made concerning the Inherited IRAs. While footnote 3 refers to the Inherited IRAs as the "Inherited Jane Bressler IRA" and the "Inherited Norbert Blechner IRA", neither the Debtor's original filing or amended filings did so. Instead, the Debtor ambiguously identified each as an "IRA" located at the Northern Trust.

15. In doing so, the Debtor made false oaths and material misrepresentations in his Petition and Schedules. Similarly, he provided false testimony at the 341 Meeting when asked about any inheritance. Footnote 3 seeks to compound his deception.

16. Had the Debtor not previously consented to the turnover and waived any objection based on the assertion of an exemption in and to the Inherited IRAs, an objection by the Trustee would still be timely until one-year after the closing of the case since the Debtor fraudulently asserted the claim of exemption. See Rule 4003(b)(2) of the Federal Rules of Bankruptcy Procedure.

17. The Opposition suggests that the last meeting of creditors was scheduled for February 27, 2020, such that the time in which to object to the claim of exemptions would be measured from a subsequent date.

18. The Debtor conveniently overlooks that he began raiding the funds in the Inherited IRAs well before that, first depleting $40,471.84 from the Inherited Norbert Blechner IRA over a 90-day period between June 10, 2019 and September 6, 2019 and then turning his attention to the depletion of $69,500.00 from the Inherited Jane Bressler IRA.

19. In accordance with the Court's order of April 16, 2021 permitting the filing of certain Northern Trust statements (in the proposed redacted form), the Trustee has annexed hereto as Exhibits "B" and "C" excerpts from the records produced by Northern Trust relevant to the Motion[2].

20. Exhibit "B", concerning the Inherited Norbert Blechner IRA, reflects the following transactions:

| NTC Bates No. | Date | Amount | Description |
|---|---|---|---|
| 1535 | 6/10/19 | $12,858.63 | Debtor loan payment to Northern |
| 1537 | 6/25/19 | $1,110.52 | Debtor loan payment to Northern |
| 1554 | 7/24/19 | $6,291.39 | Debtor loan payment to Northern |
| 1567 | 8/23/19 | $6,211.30 | Debtor loan payment to Northern |
| 1581 | 9/6/19 | $14,000.00 | Payment to Debtor's counsel |
| Total | | $40,471.84 | |

---

[2] All NTC references are to the NTC Bates Stamping sequence containing in Exhibits "B" and "C".

4

21.     Exhibit "C", concerning the Inherited Jane Bressler IRA, reflects the following transactions:

| NTC Bates No. | Date | Amount | Description |
|---|---|---|---|
| 742 | 12/9/19 | $44,500.00 | Transfer to Debtor's Chase Acct |
| 886 | 6/9/20 | $25,000.00 | Transfer to Debtor's Chase Acct |
| **Total** | | **$69,500.00** | |

22.     The statements further reflect that each of the Inherited IRAs is cleared identified as being an inherited IRA and that statements during the pertinent period were addressed to the Debtor, such that he knew and understood their nature and had knowledge of the value of the assets held by each on the Petition Date.

23.     In the absence of any substantive grounds for the denial of the Motion, the Debtor attempts to erect a procedural barrier to the granting of the Motion and to instigate litigation by and between the Trustee and Carbon.

24.     The Debtor argues that the Trustee must name Carbon in an adversary proceeding since the Inherited Accounts are subject to the Restraining Notice. However, the assertion suggests that some dispute exists between them on the subject of the Restraining Notice being modified to allow the turnover of the Inherited Jane Bressler IRA. None exists. In fact, the cooperation between the Trustee and Carbon as relating to collections is memorialized in the Court's order granting relief from stay entered on November 4, 2020. [Dkt No. 227]

25.     The Opposition cites to a number of cases for the proposition that the turnover of property from a third-party must be sought by adversary proceeding, rather than motion, in accordance with Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

26. Rule 7001(1) of the Federal Rules of Bankruptcy Procedure provides

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, ***other than a proceeding to compel the debtor to deliver property to the trustee***, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(emphasis added).

27. None of the cases cited by the Debtor present the instant scenario in which a trustee seeks the turnover of money in an account in which solely a debtor held an interest from the custodian of that account.

28. In the instant matter, the Debtor is the principal and Northern Trust is his agent. As evidenced by the e-mail of March 17, 2021 annexed to the Motion as Exhibit "F", Northern Trust has no objection to remitting the funds in accordance with the Debtor's written instructions, provided it either has the consent of all interested parties or a court order protecting itself from liability for disbursing the funds in violation of the Restraining Notice or in derogation of the Debtor's rights. Northern Trust is merely the conduit through which the funds would flow to the estate.

29. Accordingly, the Motion is one in which the Debtor is being compelled to delivery property to the Trustee and not one requiring the commencement of an adversary proceeding.

30. In conclusion, the Opposition is wholly without merit and should be overruled in all respects.

Dated: April 30, 2021
      Wantagh, New York

                                                  *s/ David A. Blansky*
                                                  David A. Blansky, Esq.