BRAUNHAGEY & BORDEN LLP
J. Noah Hagey
Jonathan G. Kortmansky
7 Times Square, 27th Floor
New York, NY 10036
    -and-
Ronald J. Fisher (pro hac vice)
351 California Street, 10th Floor
San Francisco, CA 94104

Counsel to Carbon Investment Partners, LLC
and Carbon Master Fund, L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

In re:

                           Chapter 7
                           Case No.: 18-13098 (MG)

LEE ALEXANDER BRESSLER,

          Debtor.

----------------------------------------x

**RESPONSE OF CREDITORS CARBON INVESTMENT PARTNERS, LLC, AND CARBON MASTER FUND, LP, TO DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION FOR ENTRY OF AN ORDER COMPELLING THE TURNOVER OF AN INHERITED IRA**

      Carbon Investment Partners, LLC and Carbon Master Fund, L.P. (collectively, "Carbon") respectfully submit this response in support of the Trustee's motion to compel the turnover of the Debtor's Inherited IRAs, which are property of the estate.

      As the Court is aware, Carbon is the sole creditor in these proceedings and is the holder of a fraud judgment against the Debtor in the sum of $16,846,648.84, (the "Carbon Judgment"). The Court has already issued an Order denying the Debtor's discharge based upon his fraud on the trustee and this Court. (Mem. Op. Granting Pl.'s Mot. for Summary Judgment, ECF No. 28, Adv. Proc. No. 19-01317-mg.)

Carbon agrees with the Trustee that the Debtor must turn over to the Trustee his inherited IRA accounts, which the Debtor fraudulently asserted were exempt in his initial schedules and during his Section 341 examination. In specific, the Debtor admitted that he held certain individual retirement accounts ("IRAs"), but falsely asserted that they were exempt from liquidation and administration by the Trustee. Carbon understands that once the Trustee learned that the IRAs were inherited from the Debtor's deceased mother, Jane C. Bressler, (and consequently were not an exempt asset), the Trustee made demand for the liquidation and turnover of those funds (the "Inherited IRA").

Contrary to the Debtor's Opposition, Carbon has never refused to lift the restraints on the Inherited IRAs. To the contrary, Carbon signed a stipulation that would have lifted the restraints for the specific and limited purpose of facilitating the turnover of the Inherited IRAs to the Trustee.

By way of background, Carbon served a restraining notice on Northern Trust pursuant to its rights as a judgment creditor under CPLR 5222(b) (the "Restraining Notice") and this Court's order lifting the bankruptcy issued on November 4, 2020. Northern Trust accordingly restrained various accounts, including the Inherited IRAs.[1]

The Debtor's assertion that Carbon refused to consent to the turnover of the Inherited IRA is simply wrong. To the contrary, Carbon executed what it believed to be the final stipulation approved by all interested parties, understood that the stipulation was also executed by Northern Trust, and was advised by counsel to the Trustee that he was prepared to execute the same following receipt of the signatures of the Debtor and his counsel.

---

[1] The Debtor moved in the Supreme Court of the State of New York (the "State Court") to vacate the Restraining Notice. The State Court denied the Debtor's motion on April 26, 2021, holding that the Debtor failed to "show that he had no interest in the subject accounts." The Debtor's transparent attempt to relitigate that issue in this Court should be summarily rejected.

2

The Debtor, however, never intended to sign the stipulation. Instead, at the last moment Debtor's counsel (without advising Carbon or any other party) sent a letter to Northern Trust asking it to turn over the Inherited IRA to the Trustee, rather than executing the stipulation negotiated by all parties. The Debtor apparently knew that Northern Trust would not accept this letter, and now relies upon that refusal as a defense to this Motion.[2] As a result, the Debtor has yet again wasted judicial resources and inflicted unwarranted costs upon the Trustee and Carbon, all to frustrate and delay the Trustee's attempt to unwind yet another one of Debtor's frauds.

For the foregoing reasons, Carbon urges the Court to grant the Trustee's motion. As Carbon has made clear from the outset, Carbon will agree to lift the Restraining Notice for the limited purpose of allowing Northern Trust to remit the Inherited IRA to the Trustee. Carbon, of course, reserves all other rights and does not agree to disturb any other portion of the Restraining Notice, which has now been affirmed by the State Court.

---

[2] This letter is attached to the Trustee's motion as Exhibit E.

Dated: April 30, 2021

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: *s/ Jonathan Kortmansky*

Jonathan Kortmansky, Esq.
J. Noah Hagey, Esq.
Ronald J. Fisher, Esq.  (admitted *pro hac vice*)
**BRAUNHAGEY & BORDEN LLP**
7 Times Square, 27th Floor
New York, NY 10036-6524
(646) 829-9403 Telephone
(646) 829-9403 Facsimile
kortmansky@braunhagey.com
hagey@braunhagey.com
fisher@braunhagey.com

Counsel for Plaintiffs Carbon Investment Partners, LLC and Carbon Master Fund, L.P.