UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 7
                                                                                Case No.: 18-13098 (MG)
LEE ALEXANDER BRESSLER,

        Debtor.
-----------------------------------------------------------x

## ORDER APPROVING THE RETENTION OF BRAUNHAGEY & BORDEN LLP, AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE

Upon the application of Gregory Messer ("Application", ECF Doc. # 261)[1], solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of Lee Alexander Bressler ("Debtor"), seeking the entry of an Order of this Court, pursuant to 11 U.S.C. §§ 327(a) and 327(c) ("Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), approving the retention of BraunHagey & Borden LLP ("BHB"), as the Trustee's special counsel effective as of August 6, 2021; and upon the Declaration of Jon Kortmansky, Esq., a partner of BHB ("Declaration", ECF Doc. # 261-1); and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1408; and the Court having reviewed the Application and the Declaration; and the legal and factual bases set forth in the Application having established just cause therefor; and the Court being satisfied based on the representations made in the Application; and that BHB is disinterested and does not represent or hold any interest that is adverse to the Debtor's estate on the matters for

---

[1] Capitalized terms not defined herein shall have the definition ascribed to them in the Application.

which it is engaged; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

1. The Application is granted to the extent provided herein.

2. The retention of BHB as special counsel to the Trustee in accordance with Bankruptcy Code §§ 327(a) and 327(c), effective as of August 6, 2021 on the terms set forth in the Application and the Declaration, is hereby approved.

3. That BHB shall be retained solely as special counsel to provide the services below and shall not be retained to undertake other tasks associated with running the case. Such services shall be, subject to the direction of the Trustee:

   i. Assist the Trustee with an investigation in and to the Debtor's interest in certain trusts (as described in the Application);

   ii. Assist the Trustee with the prosecution of the Adversary Proceedings (as defined in the Application) through judgment, appeal and enforcement of any judgment awarded by the Court; and

   iii. Prepare, file and/or serve such discovery, motions and applications, as directed by the Trustee, in connection with the Adversary Proceedings.

4. That in the event that BHB or the Trustee become aware of any reason why the interests of the estate have become or could become adverse to the interests of Carbon Investment Partners, LLC and/or Carbon Master Fund, L.P., BHB or the Trustee shall promptly notify the United States Trustee and file a supplemental declaration with the Court that discloses such reason.

5. That in connection with its services rendered pursuant to So Ordered ¶ (i) through (iii) of the preceding decretal paragraph, that BHB shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Rules, and applicable law.

6.     That prior to any increases in BHB's rates for any individual employed by BHB and providing services in this case, BHB shall file a supplemental affidavit with the Bankruptcy Court and provide ten (10) business days' notice to the Debtor and the United States Trustee Office. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code § 330(a)(3)(F) and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code § 330.

7.     That to the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

8.     That the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

[*Remainder of page intentionally left blank*]

9. That notwithstanding any provision to the contrary in the Application, any dispute relating to the services provided by BHB shall be referred to arbitration consistent with the terms of the Application only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

**IT IS SO ORDERED.**

Dated: September 7, 2021
      New York, New York

                                                 **/s/ Martin Glenn**
                                                 MARTIN GLENN
                                    United States Bankruptcy Judge

NO OBJECTION:
William K. Harrington
United States Trustee for Region 2

By    *s/ Benjamin J. Higgins*
       Benjamin J. Higgins, Trial Attorney