UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 7
                                                                          Case No.: 18-13098 (MG)
LEE ALEXANDER BRESSLER,

        Debtor.
-----------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF
GARY R. LAMPERT, CPA, AS ACCOUNTANT TO THE CHAPTER 7 TRUSTEE**

Upon the application ("Application")[1] of Gregory Messer, Esq., solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Lee Alexander Bressler ("Debtor"), seeking entry of an Order of the Court authorizing and approving the employment of Gary R. Lampert, CPA ("Lampert"), as accountant to the Trustee effective as of August 16, 2021; and upon the affidavit of Gary R. Lampert, CPA, which is annexed to the Application; and upon the Court having been satisfied that: (i) Lampert neither represents nor holds any interest adverse to the Trustee or to the estate with respect to matters upon which Lampert is to be engaged; (ii) Lampert is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) (the "Bankruptcy Code"); and (iii) the employment of Lampert is necessary and would be in the best interests of the Debtor's estate; it is now hereby

**ORDERED** that, the Application is granted to the extent provided herein; and, it is further

**ORDERED** that, in accordance with Bankruptcy Code § 327(a), the Trustee is authorized and approved to retain Lampert as his accountant in this matter; and, it is further

---

[1] Capitalized terms not otherwise defined herein shall have the definition escribed to them in the Application.

**ORDERED**, that, Lampert is authorized and approved to provide the following services to the Trustee and the estate:

i. Review and address tax issues and represent the Trustee at all taxing authority investigations of the books and records;

ii. Prepare tax projections;

iii. Prepare estate tax returns; and

iv. Perform other services as required by the Trustee; and it is further

**ORDERED**, that, to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and, it is further

**ORDERED**, that, the Bankruptcy Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and, it is further

**ORDERED**, that, Lampert shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law; and, it is further

[*Remainder of page intentionally left blank*]

**ORDERED**, that, prior to any increases in Lampert's rates for any individual employed by Lampert and providing services in this case, Lampert shall file a supplemental affidavit with the Bankruptcy Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code § 330(a)(3)(F) and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code § 330.

**IT IS SO ORDERED.**

Dated: September 16, 2021
       New York, New York

                                                                    /s/ Martin Glenn
                                                                    MARTIN GLENN
                                                United States Bankruptcy Judge

NO OBJECTION:
United States Trustee

By:   *s/ Benjamin J. Higgins*
       Benjamin J. Higgins, Trial Attorney