| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Gary F. Herbst, Esq.<br>Jacqulyn S. Loftin, Esq. | Presentment Date: December 20, 2021, at 12:00 p.m.<br>Objection Date: December 16, 2021, at 12:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                               Chapter 7
                                                                          Case No.: 18-13098 (MG)
LEE ALEXANDER BRESSLER,

                    Debtor.
-------------------------------------------------------------x

**MOTION OF THE CHAPTER 7 TRUSTEE SEEKING THE ENTRY OF
AN ORDER AUTHORIZING THE TRUSTEE TO MAKE: (I) AN INTERIM
DISTRIBUTION TO CARBON INVESTMENT PARTNERS LLC AND CARBON
MASTER FUNDER, L.P. AND (II) A FIRST AND FINAL DISTRIBUTION TO
<u>NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE</u>**

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

Gregory Messer, solely in his capacity as the Chapter 7 Trustee (the "<u>Trustee</u>") of the estate of Lee Alexander Bressler (the "<u>Debtor</u>"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "<u>Motion</u>") seeking the entry of the annexed Order, pursuant to Rule 3009 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the Trustee to make: (i) an interim distribution in the amount of $900,000.00 to Carbon Investment Partners LLC and Carbon Master Funder, L.P. ("<u>Carbon</u>") on account of the allowed general unsecured claim, designated as claim number 1, in the amount $16,846,648.84 (the "<u>Carbon Claim</u>"); and (ii) a first and final distribution in the amount of $929.00 to the New York State Department of Taxation and Finance ("<u>NYS</u>") on account of its unsecured priority claim, designated as claim no. 3, in the amount of $929.00 (the "<u>NYS Claim</u>"), and respectfully represents as follows:

1

## JURISDICTION AND STATUTORY PREDICATES

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), and (O).

3.  The statutory predicate for the relief requested herein are Bankruptcy Rule 3009.

## BACKGROUND

4.  On October 12, 2018 (the "Petition Date"), Lee Alexander Bressler (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.  The Trustee was appointed as the interim Chapter 7 Trustee of the estate, has since duly qualified and is the permanent Trustee of the estate.

6.  The deadline to file claims in the Debtor's estate was November 20, 2019.

7.  On June 13, 2019, the Carbon Claim, designated as claim no. 1, as allowed general unsecured claim in the amount $16,846,648.84 was filed against the Debtor's estate, and is a timely allowed claim.

8.  On November 5, 2019, the NYS Claim, designated as claim no. 3, as an unsecured priority claim in the amount of $929.00 was filed against the Debtor's estate, and is a timely allowed claim.

9.  These are the only two remaining claims filed against the Debtor's estate.[1]

10. As of December 6, 2021, the Trustee is holding the sum of $1,699,143.36 in his accounts for this Estate. The funds in the Trustee's account have come from two sources. First, is from the Court approved settlement of the Estate's claims and interests in and to the two real

---

[1] Claim number 2 filed by the Northern Trust Company was withdrawn.

2

properties, the 83 Spring Close Highway, East Hampton, New York 11937 and the condominium located at 120 East 87th Street, Apt R20-G, New York, New York 10128. That settlement was for $1,550,000.00 and paid to the Trustee. Second, the balance of funds in this Estate were recovered from the settlement of the claims asserted in the Trustee's motion seeking the turnover of the monies in an inherited IRA. Similarly, the Court approved that resolution and the monies were paid to the Trustee.

11.     In addition, on March 19, 2021, the Trustee commenced the five adversary proceedings (collectively, the "Trust Adversary Proceedings") in this Court against the Debtor's trust entities and relatives, in which the Trustee sought the turnover of the Debtor's interest in his share of funds held by certain trusts in which the Debtor was a beneficiary and, in two instances, a trustee.

12.     Recently, the Trustee has negotiated a global settlement resolving the Trust Adversary Proceedings which is about to be executed. That settlement is for a substantial amount of money and should be presented shortly to the Court for approval. That recovery will be in addition to the funds presently in the Trustee Estate accounts.

13.     Accordingly, the Trustee has created an estate with more than sufficient funds to allow for the proposed distributions.

14. By the instant Motion the Trustee proposes to make an interim distribution to Carbon in the amount of $900,000.00 and to pay the NYS Claim in full in the amount of $929.00. Based upon the estimated administrative claims and the fact that the global settlement between the parties is about to be executed, the Trustee, in his business judgment, believes that it is both appropriate and warranted to make such distributions to the remaining two creditors of this Estate at this time.

15. Bankruptcy Rule 3009 provides that "[i]n a chapter 7 case, dividends to creditors shall be paid as promptly as practicable. Dividend checks shall be made payable to and mailed to each creditor whose claim has been allowed, unless a power of attorney authorizing another entity to receive dividends has been executed and filed in accordance with Rule 9010. In that event, dividend checks shall be made payable to the creditor and to the other entity and shall be mailed to the other entity." BANKR. R. 3009.

16. As set forth above, the Trustee is holding $1,699,143.36 in this Estate. The proposed interim distribution of $900,000 on account of the Carbon Claim and the first and final distribution of $929.00 on account of the NYS Claim is in the best interest of the Estate and its creditors. Again, there will be adequate funds remaining in this Estate to cover the related chapter 7 administrative fees, claims and expenses after the proposed distributions are made.

17. The Trustee submits that the relief sought herein is fair and reasonable and in the best interest of the Debtor's Estate and its creditors.

18. Accordingly, the Trustee respectfully requests that the Court approve the relief as requested.

19. There has been no prior application for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order authorizing the Trustee to make: (i) an interim distribution in the amount of $900,000.00 on account of the Carbon Claim; and (ii) a first and final distribution in the amount of $929.00 on account of the NYS Claim.

Dated: December 6, 2021
      Wantagh, New York

                          **LAMONICA HERBST & MANISCALCO, LLP**
                          Attorneys for Gregory M. Messer, Chapter 7 Trustee

      By:    *s/ Gary F. Herbst*
                Gary F. Herbst, Esq.
                3305 Jerusalem Avenue
                Wantagh, New York 11793
                Telephone 516.826.6500